CITY OF KENOSHA, Plaintiff-Respondent,

v.

Albert R. JENSEN, Defendant-Appellant.

Court of Appeals

*No. 93–2201. Submitted on briefs March 8, 1994.—Decided April 13, 1994.*

(Also reported in 516 N.W.2d 4.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Robert F. Sfasciotti* of *Sfasciotti & Associates* of Kenosha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Christine M. Genthner*, assistant city attorney.

On behalf of the State of Wisconsin, there was a brief by *James E. Doyle*, attorney general, and *Jerome S. Schmidt*, assistant attorney general.

Before Brown, Nettesheim and Snyder, JJ.

BROWN, J.   This is Albert R. Jensen's appeal from a circuit court order affirming a municipal court order vacating an operating while intoxicated forfeiture judgment. After a motion from the city attorney, the municipal court vacated its judgment against Jensen on grounds that it lacked subject matter jurisdiction. This is because, unbeknownst to the

municipal court at the time of entering judgment, Jensen's offense was a second offense making it a crime, not a forfeiture.

Jensen claims that the statutes regarding municipal courts do not allow municipalities to seek relief from a judgment, that the city attorney knew or should have known that this was Jensen's second offense and should be held to its stipulated plea agreement, and that the City is equitably estopped from relief from the judgment.

We hold that while the statutes do not allow a municipal court the right to seek relief from a judgment, the municipal court has inherent authority to vacate judgments obtained without subject matter jurisdiction. As such, the city attorney, as an officer of that court, has a right to notify the municipal court of its lack of subject matter jurisdiction. We also decide against Jensen on his remaining issues and affirm.

On May 25, 1992, Jensen was stopped by a City of Kenosha police officer and subsequently given three uniform traffic citations—one for operating a vehicle while intoxicated (OWI), one for operating with a blood alcohol concentration over .10% (BAC) and one for speeding. The OWI and BAC charges were considered forfeiture actions because it appeared that Jensen had not previously been convicted of either an OWI or a BAC charge within five years. All charges were therefore brought before the City of Kenosha Municipal Court. On August 19, as a result of a plea bargain between the city attorney and Jensen, the speeding and BAC counts were dismissed in return for Jensen's no contest plea to OWI.

On January 11, 1993, the City moved the municipal court to reopen the case, asked that the conviction be vacated and that the OWI citation be dismissed

without prejudice. As grounds, the City asserted that Jensen had previously been convicted of OWI on June 3, 1992. The City contended that the August 19 conviction was actually the second such OWI conviction for Jensen within five years. The City asserted that, as a result, the municipal court lost jurisdiction of the OWI and BAC charges as of June 3. The municipal court granted the City's motions and Jensen appealed to the circuit court. Upon the circuit court's affirmance, Jensen has further appealed to this court.

We initially address Jensen's lead issue regarding the authority for the city attorney to seek postjudgment relief. Jensen first observes that while circuit courts are "courts of record," municipal courts are not. This is true. Section 800.13(2), STATS., states that municipal courts are not courts of record. Section 755.045(1)(a), STATS., implicitly refers to circuit courts as "court[s] of record."

From this, Jensen observes that municipal courts are guided by different procedures than courts of record. Chapter 800, STATS., provides the procedures for municipal courts to follow. Circuit courts follow chs. 801 to 847, STATS. See § 801.01(2), STATS. Thus, even though municipal court forfeitures are civil actions under § 800.02(1), STATS., Jensen notes that the municipal court, not being a court of record, may only possess that power which is specifically conferred upon it by the legislature. See *State ex rel. Lang v. Municipal Justice Court,* 50 Wis. 2d 21, 25, 183 N.W.2d 43, 45 (1971). Therefore, a municipal court must follow ch. 800 to determine civil actions before it, while a circuit court faced with a civil action follows the procedures found in chs. 801 to 847.

Jensen then points out that both ch. 800, STATS., and chs. 801 to 847, STATS., have a provision for relief

from judgment. The ch. 800 provision is § 800.115, STATS., which states as follows:

> **Relief from judgment. (1)** A *defendant* in an action involving a general statutory counterpart ordinance may move for relief from the judgment under s. 806.07(1). Except as provided under sub. (2), the motion must be made no later than 6 months after the judgment was entered or the order or stipulation was made.
>
> **(2)** A *defendant* may move for relief from a judgment entered under s. 800.09 at any time for any of the grounds listed under s. 806.07 (1)(f), (g) or (h). [Emphasis added.]

Section 806.07, STATS., is different. The statute reads in pertinent part as follows:

> **Relief from judgment or order. (1)** On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:
>
> . . .
>
> (d) The judgment is void;
>
> . . . .

Jensen argues that the plain reading of the two statutes is that § 800.115 affords relief from judgments only for defendants, while § 806.07 allows any party or legal representative to move for relief. While Jensen concedes that § 800.115 refers to § 806.07, he argues that the statute nonetheless allows only defendants to avail themselves of the municipal procedure.

The City responds that this is too narrow and rigid a reading of the statutes. It claims that simply because § 800.115, STATS., does not mention a municipality as having the right to seek relief does not mean that it cannot make the motion. It argues that while ch. 800,

STATS., does not mention the right of a municipality to move to dismiss a case, no one doubts the municipality's power to do so. It appears to assert, therefore, that motions for relief from judgment are simply part of the common law fabric of litigation and do not need a specific statute of authorization.

We disagree with the City. If there were no need for a specific statutory procedure, § 806.07, STATS., would never have been created. Neither would § 800.115, STATS., have been needed. The statutes clearly state not only what the procedure shall be, but who may be allowed to use the procedure. For whatever reason, perhaps inartful drafting, the municipality has been afforded no right by statute to seek relief from judgments in municipal actions.

However, this does not end the discussion. The City argues that even if it does not have the authority to seek relief from a municipal judgment, generally, the fact remains that the specific relief requested in this case was to bring the court's attention to a void judgment. The City argues that the municipal court has inherent authority to vacate a void judgment and that the City has the right to notify the municipal court that a judgment is void.

The City cites *City of Milwaukee v. Wroten,* 160 Wis. 2d 207, 219, 466 N.W.2d 861, 865 (1991), to support its argument that the municipal court has inherent authority to act. In *Wroten*, the supreme court observed that Article VII, § 2 of the Wisconsin Constitution provides that the judicial power of this state shall be vested in a unified court system consisting of the supreme court, the court of appeals, circuit courts, trial courts that may be created by the legislature, and municipal courts if authorized by the legislature.

96

*Wroten,* 160 Wis. 2d at 219, 466 N.W.2d at 865. The court then wrote:

> Thus, under our organic law, once a municipal court is created, its power is not that of the legislature that has authorized it, but its power is judicial as a part of the unified court system. A municipal court under the constitution is a repository of judicial power even as are the supreme court, the court of appeals, and the circuit court. It is not inhibited as is an administrative agency, which can only be the repository of some of the attributes of its legislative creator. Rather, by legislative action, specifically contemplated and authorized by the constitution, a municipal court is endowed by its creation with judicial powers.

*Id.* The supreme court then concluded that a municipal court, being endowed with judicial powers, had the inherent authority to decide the constitutionality of a statute. *Id.* at 222, 466 N.W.2d at 866.

The City contends that just as a municipal court has inherent authority to decide the constitutionality of a statute, so does it also have inherent authority to vacate void judgments. The City cites *Kohler Co. v. DILHR,* 81 Wis. 2d 11, 259 N.W.2d 695 (1977), for the proposition that vacating a void judgment is a part of the inherent authority of a court endowed with judicial powers. *Kohler* says:

> When a *court or other judicial body* acts in excess of its jurisdiction, its orders or judgments are void and may be challenged at any time.
>
> A judgment or order which is void may be expunged by a court at any time. Such *right* to expunge a void order or judgment is not limited by statutory requirements for reopening, appealing

from, or modifying orders or judgments. [Emphasis added; internal quotation omitted.]

*Id.* at 25, 259 N.W.2d at 701. The City asserts that *Kohler* should be read to say that the power to vacate judgments is inherent in the courts and this includes municipal courts.

We agree with the whole of the City's argument regarding inherent authority. *Wroten* clearly holds that municipal courts are endowed with judicial power; with it comes the mantel of inherent authority. Also, we read *Kohler* to say that acting to vacate a void judgment is part of a court's inherent authority. *Accord Broaca v. Broaca*, 435 A.2d 1016, 1018-19 (Conn. 1980); *Dahl v. Grenier*, 467 N.E.2d 992, 994 (Ill. App. Ct. 1984); *Patton v. Diemer*, 518 N.E.2d 941, 944 (Ohio 1988). We conclude that a municipal court has the inherent authority to vacate a void judgment irrespective of statutory requirements for reopening judgments.

We further hold that as an officer of the court, the city attorney had the authority to bring the question of subject matter jurisdiction to the municipal court's attention. We conclude that the City had the right to bring the motion and the municipal court had the right to decide the motion—all under the aegis of the inherent authority of the municipal court.

Before leaving this issue, we want to make clear what we are not deciding. We are not holding that in every OWI-BAC case where the municipal attorney finds out that an offense is actually a second or subsequent offense within five years, the municipal attorney must seek vacation of the municipal judgment before criminal proceedings can ensue. Quite the contrary,

the State may proceed regardless of whether the municipal attorney or the municipal court first acts. As the State points out in its *amicus curiae* brief, a municipal court does not have subject matter jurisdiction to try and convict a criminal operating while intoxicated. Any such municipal action is null and void. *See County of Walworth v. Rohner,* 108 Wis. 2d 713, 722, 324 N.W.2d 682, 686 (1982); *State v. Banks,* 105 Wis. 2d 32, 40- 41, 313 N.W.2d 67, 71 (1981). As no jeopardy has attached as a result of municipal court action, the State may proceed regardless of what the municipal attorney or the municipal court does. The municipal judgment having no force or effect, it is as if it never took place.

This brings us to Jensen's estoppel argument. He claims that the City is estopped from reopening and vacating because of his reliance on the municipal judgment. As we have just stated, his argument misses the mark since the State cannot be estopped from prosecuting him. His argument fails because the State still maintains the ability to prosecute a second offense criminal operating a vehicle while intoxicated charge.

The State is not estopped from prosecuting Jensen because the prosecution of a second offense is within the exclusive control of the State and, therefore, the City acted in excess of its legal authority. *See Rohner,* 108 Wis. 2d at 722, 324 N.W.2d at 686. Thus, the City did not even have the authority to negotiate with Jensen and its negotiations could not bind the State in any way.

One of the elements of equitable estoppel is that the reliance on the words or conduct of the other must be reasonable. *Kohlenberg v. American Plumbing Supply Co.,* 82 Wis. 2d 384, 396, 263 N.W.2d 496, 501 (1978). Jensen's reliance upon the negotiated plea

agreement is not reasonable or justifiable because the agreement is itself unlawful. This also answers Jensen's remaining claim that the City knew or should have known, had it done some follow-up investigation, that at the time of the plea agreement this was Jensen's second OWI-BAC offense within five years. Since the City had no authority to enter the plea agreement in the first place, Jensen's argument fails.

*By the Court.*—Order affirmed.