CITY OF SUN PRAIRIE, Plaintiff-Respondent,

v.

William D. DAVIS, Defendant-Appellant.†

Court of Appeals

*No. 97–1651. Submitted on briefs December 16, 1997.—Decided February 26, 1998.*

(Also reported in 579 N.W.2d 753.)

†Petition to review granted.

268

270

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Stephen E. Mays* of *Kalal & Associates* of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peter T. Julka* and *Matthew P. Dregne* of *Stafford, Rosenbaum, Rieser & Hansen* of Madison.

Before Dykman, P.J., Roggensack and Deininger, JJ.

ROGGENSACK, J. William Davis appeals a circuit court order affirming a judgment entered against him in the municipal court of Sun Prairie, after he failed to attend his trial in a civil forfeiture action, in violation of a court order requiring him to be present. Davis contends that the municipal court lacked the power to require him to be present at the trial and to enter judgment when he failed to attend because he had a constitutional and statutory right to choose not to be present, as long as counsel representing him was present. He argues that the circuit court's order affirming the judgment should be reversed and the charges against him should be dismissed. He has also moved for the imposition of costs under § 802.05(1)(a), STATS., based on certain representations made in the City's brief. Because we conclude that a municipal judge has inherent authority to order a civil litigant to be present at trial, and that nothing in the statutes or in the Wisconsin Constitution precludes sanctioning the violation of such a court order by entering judgment against the violator, we affirm the order of the circuit court and deny Davis's motion for costs.

## BACKGROUND

On March 1, 1996, the City of Sun Prairie charged Davis in a civil forfeiture action with violating local ordinances against operating a motor vehicle while intoxicated (OMVWI) and with a prohibited alcohol concentration (PAC). Each citation stated that an initial court appearance was mandatory, but Davis chose not to appear. Instead, the firm of Kalal & Associates sent a letter to the court on Davis's behalf, and the court entered not guilty pleas on both charges.

On April 10, 1996, the municipal court issued an order directing Davis to be present for trial on May 8,

273

1996. On October 22, 1996, after the trial date had been rescheduled to October 30, 1996, Davis's attorney wrote the court, objecting to its order requiring Davis to be present and asserting the court had no authority to make such an order. Counsel stated that Davis would not comply with the order as he had chosen to have counsel be present instead. On October 28th, the court responded with a further order that stated:

[I]f the defendant does not appear at the defendant's trial personally, as previously ordered by the court, the court will impose one or more sanctions on the defendant, which sanctions might include entry of judgment against the defendant, contempt, money terms, orders limiting or barring the presentation of testimony or introduction of evidence at trial . . . .

Notwithstanding two court orders directing him to be present, Davis did not attend the trial. The court found that he had intentionally and egregiously violated orders of the court which it had issued to efficiently manage the case, and it granted judgment against Davis and in favor of the City, as a sanction for disobedience of the court's orders. Davis appealed the judgment to the circuit court under § 800.14(5), STATS., and the circuit court affirmed.

## DISCUSSION

**Standard of Review.**

Our review of a municipal court decision under § 800.14(5), STATS., like that of the circuit court, is limited to determining whether evidence supports the municipal court's determination. *Village of Williams*

*Bay v. Metzl*, 124 Wis. 2d 356, 361–62, 369 N.W.2d 186, 189–90 (Ct. App. 1985). Therefore, we will not reverse a factual determination unless the facts found were clearly erroneous. *Id.*

The extent of a municipal court's inherent authority to compel a civil litigant's presence at trial or to grant judgment against a litigant who violates an order that he be present are purely questions of law, which we will review *de novo. See W.W.W. v. M.C.S.*, 185 Wis. 2d 468, 483, 518 N.W.2d 285, 289–90 (Ct. App. 1994). Once the extent of a municipal court's inherent authority is established, however, we review its decision to grant judgment against a litigant under the erroneous exercise of discretion standard. *Johnson v. Allis Chalmers Corp.*, 162 Wis. 2d 261, 273, 470 N.W.2d 859, 863 (1991).

**Validity of the Orders.**

It is well established in this state that "[e]very court has inherent power, exercisable in its sound discretion, consistent within the Constitution and statutes, to control disposition of causes on its docket with economy of time and effort." *Latham v. Casey & King Corp.*, 23 Wis. 2d 311, 314, 127 N.W.2d 225, 226 (1964) (citation omitted) (holding that a court's inherent powers include the authority to order the presence of counsel at a pretrial conference). Municipal courts also have inherent powers. *City of Kenosha v. Jensen*, 184 Wis. 2d 91, 96, 516 N.W.2d 4, 6 (Ct. App. 1994) (citing *City of Milwaukee v. Wroten*, 160 Wis. 2d 207, 219, 466 N.W.2d 861, 865 (1991)). However, there are three basic limitations on the inherent powers doctrine: "first, the power must be such that it is related to

275

the existence of the court and to the orderly and efficient exercise of its jurisdiction; second [and third], the power must not extend the jurisdiction of the court nor abridge or negate those constitutional rights reserved to individuals." *C.S. v. Racine County,* 137 Wis. 2d 217, 226, 404 N.W.2d 79, 83 (Ct. App. 1987) (citation omitted).

The Sun Prairie municipal court related Davis's presence at trial to the orderly and efficient exercise of its jurisdiction based on the following reasoning:

> a. It promotes prompt justice. If a defendant's attorney appears without the defendant, the defendant's attorney is more likely to be unwilling to enter into trial stipulations or meaningful settlement discussions, either because the attorney does not know certain facts known to the defendant or because the attorney cannot obtain the necessary consent from the defendant. If the defendant is present, the defendant's attorney always has the defendant's knowledge of the facts and the defendant's authority immediately available.
>
> b. It enhances the search for the truth. During trials, this court often has questions that the court puts directly to the defendant. The court can do that only if the defendant is present.
>
> c. It enhances the search for the truth in another way. When the defendant is in court, the court is able to observe the defendant's demeanor, an important consideration for the finder of fact.
>
> d. It allows appropriate disposition of the case. If a defendant is found guilty, it may be appropriate for the court to admonish the defendant. The court can admonish the defendant only if the defendant is in court.
>
> e. It discourages abuse of the municipal court. It is the court's experience that sometimes a defendant (i) will not attend the defendant's own

municipal court trial, but will appear by attorney, (ii) will, through the defendant's attorney, cross examine the City's witnesses, apparently for the purposes of discovery, (iii) will avoid examination by not appearing in court, and then (iv) will appeal an adverse judgment to the circuit court and request a new trial. Use of the municipal court to engage in discovery in preparation for a subsequent trial in the circuit court is an abuse of the municipal court. This abuse is discouraged if the defendant must attend his or her trial in municipal court.

Municipal courts have inherent judicial powers which they exercise as part of Wisconsin's unified court system. *Wroten*, 160 Wis. 2d at 219, 466 N.W.2d at 865. In the administration of justice, there are interests that must be considered in addition to those of the litigants, such as the interest of the courts in the efficient management of the cases that come before them. Here, the municipal court has clearly articulated, from the institutional perspective of a court that is attempting to efficiently manage its cases, the reasoning behind its orders. We agree with the municipal court that the presence of a civil forfeiture defendant at trial serves the court's interest in facilitating settlement, ascertaining truth, admonishing a drunk driver, or avoiding use of the municipal court as a sophisticated discovery tool. Its finding that Davis's presence at trial would have assisted in the orderly administration of the case is not clearly erroneous. Therefore, the orders were proper exercises of the court's inherent powers, unless there is a constitutional or statutory impediment to ordering a civil litigant to be present at trial. Davis contends that Article I, § 21(2) of the Wisconsin

Constitution and § 800.09(2)(b) of the statutes[1] provide such limitations.

## 1. *Wis. Const. art. I, § 21(2).*

Davis contends that every civil litigant in Wisconsin has a constitutional right to choose whether he or she will appear at trial under Article I, § 21(2) of the Wisconsin Constitution, which states:

> In any court of this state, any suitor may prosecute or defend his suit either in his own proper person or by an attorney of the suitor's choice.

We agree that this section gives Davis the right to chose whether to defend himself or to have an attorney defend him at trial; however, it does not address whether a party may, or may not, be ordered to be physically present at his trial. Davis appears to confuse the idea of being physically absent from the courtroom with the right to have an attorney defend him at trial. They are two very different notions. For example, litigants often choose to have an attorney prosecute or defend their cases at trial, while they are physically present as well. Article I, § 21(2) does not grant Davis the right to be absent from the courtroom. Rather, it grants him the right to defend himself or to have counsel present his case for him. It addresses nothing else.[2]

---

[1] Because the issue of a statutory limitation on the inherent authority of the municipal court was briefed by the parties, we address it. However, we do so without deciding the threshold issue of whether a statute can limit inherent judicial authority and not run afoul of the separation of powers doctrine.

[2] Davis points to the subpoena power as an acceptable mechanism for compelling a party's presence at trial. He asserts the availability of a subpoena undermines the need for the

Therefore, we conclude that Davis's reliance on it for refusing to attend a proceeding which he has been ordered to attend is misplaced.

### 2. Section 800.09(2)(b), Stats.

Davis also contends that he has a statutory right to refuse to attend the trial, which right the municipal court had no power to abrogate. He bases this contention on § 800.09(2)(b), STATS., which he argues is a limitation on the power of the court. It states in relevant part:

> JUDGMENT ON PLEA OF GUILTY OR NO CONTEST OR ON FAILURE TO APPEAR. . . .
> (b) If the person charged fails to appear per-. sonally or by an attorney at the time fixed for hearing of the case, the defendant may be deemed to have entered a plea of no contest . . .

When we construe a statute, our aim is to ascertain the intent of the legislature, by looking first to the language of the statute itself. *Truttschel v. Martin*, 208 Wis. 2d 361, 365, 560 N.W.2d 315, 317 (Ct. App. 1997). We must determine whether the statute is clear and unambiguous on its face or whether its language is capable of being understood by reasonably well-informed persons in two or more ways. *Id.* When the language of the statute is clear, we will not look beyond

---

inherent power of a court to order him to be present. However, he does not explain why, if a court's order to appear would infringe his alleged constitutional right not to appear in person, the same could not be said for a subpoena. Davis cites no authority to support his novel theory; therefore, we do not consider it further. *Truttschel v. Martin*, 208 Wis. 2d 361, 369, 560 N.W.2d 315, 318 (Ct. App. 1997).

the statute's plain language to determine legislative intent.

We determine that § 800.09(2)(b), STATS., is clear and unambiguous. It permits a municipal court that has set the date for trial to enter a no contest plea on behalf of a defendant who does not attend the trial or send an attorney on his or her behalf. It does not address the power of a court to order a party to be present in court. Davis reads words into the statute that are not there and he cites no authority for the proposition that the words he implies are limitations on the inherent powers of a court. We see no merit to his argument, as powers that are inherent in the courts are not created by, or limited by, the legislature. Therefore, we conclude that the statute provides no limit on the court's inherent power to issue orders to facilitate the efficient administration of justice in its jurisdiction including, but not limited to, compelling a party to be physically present at trial.

Davis contends in his reply brief that the municipal court's orders for him to appear at trial were not motivated by concerns for judicial administration and efficiency, but rather, the orders were procured by the City so that it could avoid the necessity of subpoenaing him to testify adversely in support of its case. Our holding that a municipal court may exercise its discretion to order a party to appear in person for trial should not be construed as an endorsement of a practice which is undertaken for the reasons Davis implies. Municipalities bear the burden of presenting clear, satisfactory and convincing evidence that a defendant has violated a municipal ordinance, while defendants may, but need not, testify or offer any evidence after

the municipality has rested. Sections 800.08(1) and (3), STATS. In the exercise of its discretion and authority to order a defendant to appear in person for trial, a municipal court should take care to consider the separate interests of the parties, as well as its own interest in efficient management of its case load.[3]

## Judgment as a Sanction.

▮▮▮

Trial courts also have inherent authority to sanction parties for failing to obey their orders. *Johnson*, 162 Wis. 2d at 273–74, 470 N.W.2d at 863. Such sanctions may include the ultimate disposition of an action because "general control of the judicial business before it is essential to the court if it is to function." *Latham*, 23 Wis. 2d at 314, 127 N.W.2d at 226. However, a sanction which terminates the litigation on the merits should not be imposed unless the violating party's conduct was egregious and without a clear and justifiable excuse. *Trispel v. Haefer*, 89 Wis. 2d 725, 733, 279 N.W.2d 242, 245 (1979). Such inherent powers are also possessed by municipal courts. *City of Kenosha*, 184 Wis. 2d at 96, 516 N.W.2d at 6.

---

[3] The dissent makes its own determination of whether the order at issue here assisted the municipal court in efficiently administering its case load. In so doing, it rejects the factual findings made by the municipal court when the record does not show those findings are clearly erroneous. This is contrary to the standard of review used by this court. *See Village of Williams Bay v. Metzl*, 124 Wis. 2d 356, 361–62, 369 N.W.2d 186, 189–90 (Ct. App. 1985). And, while we are in agreement with the concern expressed by the dissent that a court must not misuse its inherent authority, on the record before us, we are not persuaded any such abuse occurred here.

██

The record here shows a reasonable basis for the municipal court's determination that Davis's conduct was egregious and was not supported by any clear and justifiable excuse. Nonetheless, Davis maintains that the specific sanction employed by the municipal court, entering judgment against him, was unavailable because Davis had appeared by counsel at trial. He relies on § 800.09(2), STATS., for the contention that even if he did not comply with an order the court had the authority to issue, the court cannot choose to enter judgment against him as a sanction for noncompliance. This is just a re-statement of his earlier contention that § 800.09(2)(b) should be read in a manner which limits the power of the court to control the efficient administration of its jurisdiction. It has no merit. Davis was not sanctioned because he chose to have counsel present at trial, but rather, because he flaunted two court orders directing him to be present at trial.

██

Davis next argues that § 800.09(2)(b), STATS., should be read under the *expressio unius est exclusion alterius* maxim so that only those circumstances stated therein empower a municipal court to issue an adverse judgment. Again, we disagree. The statute states that one potential consequence for a defendant's failure to appear at trial in person or by counsel is the entry of judgment against that party. However, it does not address the consequences of violating a court order and it does not describe all of the possible sanctions available to a municipal court when its orders are disobeyed. Furthermore, the very nature of inherent authority is such that it requires no specific grant from the legislature for its authority. *City of Kenosha*, 184 Wis. 2d at 96, 516 N.W.2d at 6. Therefore, we conclude there is

nothing in the statute which would preclude a municipal court from exercising its inherent power to enter judgment against a defendant as a sanction for violation of its orders.[4]

## Motion for Costs.

Davis also moves for the imposition of costs on the basis of the City's assertion that defense counsel advised or encouraged defendants to disobey municipal court orders which required that they attend their trials. Under § 802.05(1)(a), STATS., "[t]he signature of an attorney or party constitutes a certificate . . . that to the best of the attorney's or party's knowledge, information and belief, formed after reasonable inquiry, the pleading, motion or other paper is well-grounded in fact . . . ."

After reviewing the statements at issue, we are satisfied that there is no merit to Davis's contention. It is not disputed that Davis intentionally disobeyed the court's orders, and that defense counsel notified the municipal court in advance that Davis did not intend to appear at trial. In addition, the record reflects that counsel for the City had knowledge that non-appearance had been advised by the Kalal firm for other defendants in the same situation as Davis. The state-

---

[4] Of course, "[t]he due-process clause of the Fourteenth amendment requires at least a fair and adequate warning by court rule or notice of the imposition of the sanctions or penalties to be invoked for the failure to comply with a court order." *Latham v. Casey & King Corp.*, 23 Wis. 2d 311, 316, 127 N.W.2d 225, 228 (1964). Here, the municipal court specifically informed Davis that his failure to appear at trial could trigger the imposition of sanctions, including judgment against him, and Davis does not argue that his due process rights have been infringed.

ments made were well-grounded in fact, and the motion for costs is denied.

## CONCLUSION

Neither the constitutional nor statutory provisions which grant litigants the right to choose to be represented by counsel in civil matters preclude a court from ordering the personal appearance of a litigant whose presence would assist the court's orderly administration of justice. Because Davis's presence at trial was necessary for the orderly disposition of his case, and because his failure to appear was an egregious and unjustified violation of valid court orders, we conclude that the municipal court did not erroneously exercise its discretion by entering judgment against Davis.

*By the Court.*—Order affirmed.

DYKMAN, P.J. *(dissenting)*. Courts do not have inherent authority to do whatever they please.[1] In *State v. Braunsdorf*, 98 Wis. 2d 569, 297 N.W.2d 808 (1980), the court determined that a Wisconsin trial court did not have inherent authority to dismiss a criminal case with prejudice even though an assistant district attorney had unilaterally directed the clerk of courts to dismiss a jury panel, making it impossible to try a criminal case as scheduled. The court examined a number of cases and other authority and noted: "These cases teach that an inherent power is one without which a court cannot properly function." *Id.* at 580, 297 N.W.2d at 813. The court concluded "that the power to

---

[1] The doctrine of inherent authority derives from Wisconsin's separation of governmental power between the executive, legislative and judicial branches of government. *Breier v. E.C.*, 130 Wis. 2d 376, 385, 387 N.W.2d 72, 76 (1986).

dismiss a criminal case with prejudice prior to jeopardy on nonconstitutional grounds is not essential to the existence or the orderly functioning of a trial court, and it is not, therefore, an inherent power of the trial courts of this state." *Id.* at 585, 297 N.W.2d at 815–16.

The court reaffirmed *Braunsdorf* in *Breier v. E.C.*, 130 Wis. 2d 376, 387 N.W.2d 72 (1986). There, the court determined that a circuit court did not have inherent authority to order the expunction of a juvenile's arrest record when a delinquency petition was dismissed. An extensive list of cases affirming the principle that inherent powers are only those which are necessary is found in *State ex rel. Friedrich v. Circuit Court*, 192 Wis. 2d 1, 17 n.7, 531 N.W.2d 32, 37 (1995).

By issuing an order for appearance, a municipal court gives the appearance of favoring the municipality. A court should be a neutral dispenser of justice. Parties bring their cases before courts. Using evidence the parties present, a court determines who wins and who loses. The job of a court is not to perform counsel's task or to make it easier for one side or the other to prevail. If a plaintiff fails to prove up a case, the case should be dismissed. If a plaintiff proves up a case and the defendant's defenses are unpersuasive, the plaintiff should win. It is unseemly for a court to appear to favor one side or the other.

I accept the factual portions of the reasons given by the municipal court for issuing its order for appearance. It is only the legal significance of those facts which causes me to disagree with the majority. For instance, the municipal court noted that issuing an order for appearance enhances the search for the truth because the court can then question the defendant. I am required to and do accept that as true. But a subpoena accomplishes the same thing without the

implication that the court is assisting in the prosecution of the case. Courts in the United States have traditionally not assumed a prosecutorial function. We leave that duty to the executive branch of government.

Although courts and attorneys may issue subpoenas, it is up to the parties to serve them. Sections 805.07 and 885.01-.04, STATS. If a party wants a witness to appear at trial, it is required and commonplace that the party or the party's attorney subpoena the witness. If a party fails to subpoena a witness, the court decides the case without the witness. There is no need to repeal the statutory procedure for obtaining and serving subpoenas by substituting orders for appearance. It is certainly less work for attorneys, and it brings witnesses before the court without the witness fee required by § 814.67, STATS. But the test is not one of ease or cost. The test is whether a court can exist or function in an orderly manner if it cannot issue orders for appearance in municipal ordinance violation cases. *See Braunsdorf*, 98 Wis. 2d at 585, 297 N.W.2d at 815–16.

Courts have existed for a long time without the need for orders for appearance in ordinance violation cases. Most municipal courts still do. The municipal court for Sun Prairie will not cease to function if it cannot order the appearance of litigants. It can continue its traditional judicial function in an orderly manner if it requires parties who appear before it to decide which witnesses will testify. It can decide cases upon the evidence presented without resorting to orders for appearance. It is not necessary for a municipal court to use an order to compel the attendance of

witnesses. Accordingly, there is no inherent authority to do so.