COURT OF APPEALS
DECISION
DATED AND FILED

August 15, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.  2022AP1325
2022AP1327
STATE OF WISCONSIN**

Cir. Ct. Nos.  2022TR15673
2022TR15674

**IN COURT OF APPEALS
DISTRICT I**

VILLAGE OF HALES CORNERS,

PLAINTIFF-RESPONDENT,

V.

AMAN D. SINGH,

DEFENDANT-APPELLANT.

APPEAL from orders of the circuit court for Milwaukee County: MARY E. TRIGGIANO and DANIEL L. KONKOL, Judges. *Affirmed*.

¶1 DUGAN, J.[1] Aman D. Singh, pro se, appeals from orders of the circuit court denying his motions that he filed in the Village of Hales Corners (the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Village) municipal court, to reopen two municipal citations and vacate two default judgments that had been granted by the municipal court on June 7, 2017. On appeal, he argues that the default judgments should be vacated because they are void and, alternatively, they should be vacated in the interest of justice. The Village argues that the circuit court properly held that Singh failed to timely perfect his appeal, the municipal judgments are not void, and the circuit court did not err in holding that the municipal court did not err in denying Singh's motion to reopen and vacate the default judgments in the interest of justice.

¶2 This court concludes that based on the record, Singh has not shown that the circuit court erred in denying his motion seeking to have the default judgments vacated because they are void and in seeking to have the default judgments vacated in the interest of justice under WIS. STAT. § 806.07(1)(h).

## BACKGROUND

¶3 On January 18, 2017, Singh was arrested by a Village of Hales Corners police officer for operating a motor vehicle while intoxicated (OWI), in violation of WIS. STAT. § 346.63(1)(a) and operating a motor vehicle with a prohibited alcohol concentration (PAC) in violation of WIS. STAT. § 346.63(1)(b). Because Singh had two prior OWI convictions at the time of his arrest, those two charges were sent to the Milwaukee County District Attorney's Office for criminal prosecution as a third offense OWI and a third offense PAC.[2]

---

[2] There is nothing in the record to reflect what happened to Singh's criminal cases. The Village states that Singh had a previous out-of-state violation later determined to be not countable under the Wisconsin OWI statutory framework and Singh's criminal charges were dismissed without prejudice on or about February 17, 2022. The Village states that it re-issued the citations as "first offense OWI" and "first offense PAC" violations. In his brief, Singh says those charges are still pending in municipal court.

¶4    In addition to the criminal charges, the Village issued two municipal citations to Singh alleging that he violated two village ordinances—(1) failure to yield the right of way from a stop sign, and (2) driver in possession of open intoxicants.  The citations listed an initial court date in the municipal court on March 1, 2017.  The record is unclear what happened on that date.  The record contains two documents that are blurred and cannot be easily read.  Both forms appear to have "Adjourned to:" with a blank line to be filled in, with "6/7/17 5:00 pm" handwritten in.  There does not appear to be any explanation why the case was adjourned and what it was set for.  There is no further information in the record reflecting what occurred on that date, and Singh and the Village do not agree upon what occurred.  Singh says that he appeared in the municipal court, pled not guilty, and "the prosecutor adjourned the case for further proceedings and gave Singh written notice to appear on June 7th, 2017."[3]  The Village says, "Singh appeared on his initial return date, and upon learning that these citations were companion citation[s] to a criminal OWI charge, Singh was provided an adjourned initial appearance date of June 7, 2017.  Singh received written notice of the adjourned initial appearance date."

¶5    Singh states that he did not appear June 7, 2017, "on the further proceedings date."  Default judgment was entered against Singh on both citations.  The municipal court imposed forfeitures for each citation—the Village states that Singh subsequently paid the forfeitures, but nothing in the record reflects when.

---

[3] In his brief in support of his motion before the circuit court, Singh stated that the June 7, 2017 date was for a "status conference."

3

¶6      On March 16, 2022, Singh filed a motion to reopen the 2017 default judgments in the municipal court.  He asserted that the judgments should be vacated in the interest of justice and because they were void.  The court set the matter for a hearing on April 26, 2022.  The only documents in the record regarding that hearing are documents entitled, "Hales Corners Municipal Court Dispositions."  Each document states, "Other:  Motion to Reopen – Denied – Conviction Stands" and "Motion – Dismissed."

¶7      On May 16, 2022, Singh filed a notice of appeal with the municipal court appealing the municipal court decision to the circuit court.  The docket sheet for the circuit court reflects that there was a hearing in the circuit court on August 2, 2022, at which Singh, pro se, and the Village, by counsel, appeared.  The docket entry for that date states, "Court placed on the record findings of fact and legal analysis.  Court DENIED Petitioner's motion for reasons placed on the record."  There is no transcript of that hearing in the record.[4]

¶8      This appeal follows.

## DISCUSSION

¶9      As noted above, Singh argues that the default judgments should be vacated because they are void and alternatively, they should be vacated in the interest of justice.  The Village argues that the circuit court properly held that Singh failed to timely perfect his appeal, the municipal judgments are not void, and the circuit court did not err in holding that the municipal court did not err in

---

[4]  Singh filed a "statement on transcript" on August 12, 2022, stating, "No transcripts are necessary for the prosecution of this appeal."

4

denying Singh's motion to reopen and vacate the default judgments in the interest of justice.

¶10    First, Singh's appeal does not get out of the gate because there is no transcript on appeal to support his factual assertions. He recognizes the effect of this insufficiency himself when he challenges the Village's argument that Singh did not timely perfect his appeal from the municipal court under WIS. STAT. § 800.14. He argues that the Village "points to nothing in the record demonstrating that it ever raised this issue in the lower courts, let alone that this was a basis for the circuit court's decision."

¶11    This court notes that Singh's argument that nothing in the record supports the Village's factual assertion applies equally to Singh's assertions of what happened in municipal court. He argues that in municipal court, at the initial appearance, he entered his not guilty plea and the matter was adjourned for "further proceedings," and in his brief before the circuit court, he stated for a "status conference." However, as noted, there is nothing in the record reflecting what actually occurred at the initial appearance. Other than his own statement that he entered a not guilty plea, nothing in the record supports that assertion.

¶12    The need for a complete record is particularly critical to his appeal of the decision of the circuit court affirming the municipal court's decision. Based on the record, this court has no idea what happened in the municipal court on the initial appearance date and what happened at the hearing before the circuit court on August 2, 2022, and what the basis was for its decision. The circuit court's docket sheet merely states that Singh and the Village's counsel were present at the hearing and the court "placed on the record findings of fact and legal analysis. Court DENIED Petitioner's motion for reasons placed on the record." Thus, this

5

court is not privy to the circuit court's reasoning because Singh failed to ensure that the transcript of this important hearing was included in the record. Singh merely makes the conclusory assertion that "[t]here is no obligation on Singh to have procured a transcript of the circuit court review beyond the docket entries which are included."

¶13 However, it is the appellant's responsibility to ensure completion of the appellate record and "when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the [circuit] court's ruling." *Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 (citation omitted). Furthermore, on appeal "it is the burden of the appellant to demonstrate that the [circuit] court erred." *Id.* (alteration in original). As in *Gaethke*, here Singh cannot meet his burden because the circuit court docket sheet does not include the circuit court's reasoning for affirming the municipal court's decision. Simply put, Singh is unable to demonstrate that the circuit court erroneously exercised its discretion where the court's reasons for exercising its discretion are not included in the record.

¶14 Singh argues that "[the transcript] is not necessary to resolve the factual question whether he entered a not guilty plea at the initial appearance because the procedure described by [the Village] is illegal and contrary to the statutes." He asserts that the Village admits that a pretrial conference between Singh and the Village's counsel occurred on March 1, 2017, the date set for the initial appearance. He then argues that WIS. STAT. § 800.035(2)(e) "unambiguously states that pretrial conferences are only scheduled after a defendant enters a not guilty plea." He further asserts that the Village "states that

the prosecutor unilaterally set the matter for an adjourned initial appearance after the parties could not reach a resolution agreement at the pretrial conference."[5] He then argues that WIS. STAT. § 800.045(3) unambiguously requires the court to adjourn the case for a further proceedings date if the parties are unable to reach a settlement at a pretrial conference.

¶15 Singh further argues that the only circumstance permitted for ordering an adjourned initial appearance is if the defendant requests a continuance from the court under WIS. STAT. § 800.035(2)(b). He then argues that the statutes only permit Singh to request a continuance of the initial appearance, not the Village's counsel. He argues that "even under the Village's version of events, the procedures employed at the initial appearance were contrary to statutes, so the default judgment that resulted was void." In support of his argument, he cites *City of Kenosha v. Jensen*, 184 Wis. 2d 91, 96, 516 N.W.2d 4 (Ct. App. 1994), where the court stated, "[t]he statutes clearly state not only what the procedure shall be, but who may be allowed to use the procedure."[6]

---

[5] What the Village actually stated in its brief was

> Singh appeared at the initial appearance and met with the Municipal Prosecutor for [the Village]. Upon discussing the fact that these two citations were companion to a criminal OWI being prosecuted in the Circuit Court, the Municipal Prosecutor set the matter for an adjourned initial appearance of June 7, 2017.

[6] In *Jensen*, the court of appeals held that under WIS. STAT. § 800.115, only a defendant could seek relief from a judgment—that a municipality could not. *City of Kenosha v. Jensen*, 184 Wis. 2d 91, 96, 516 N.W.2d 4 (Ct. App. 1994). However, the court further stated that

(continued)

7

¶16     This court rejects Singh's arguments that the default judgments are void because the Village did not follow the statutes regarding municipal prosecutions.  As noted, the record does not support Singh's arguments.  He claims that he appeared at the initial appearance, pled not guilty, and had a pretrial conference with the Village's counsel.[7]  However, he does not and cannot cite to anything in the record that supports those allegations.[8]

¶17     Singh relies on WIS. STAT. § 800.035 for his arguments.  That statute governs an initial appearance in a municipal proceeding and provides in part the following:

> (2)     If a defendant appears in person, all of the following shall occur:
>
> ….

> once a municipal court is created, its power is not that of the legislature that has authorized it, but its power is judicial as a part of the unified court system.  A municipal court under the constitution is a repository of judicial power even as are the supreme court, the court of appeals, and the circuit court.  It is not inhibited as is an administrative agency, which can only be the repository of some of the attributes of its legislative creator.  Rather, by legislative action, specifically contemplated and authorized by the constitution, a municipal court is endowed by its creation with judicial powers.

*Id.* at 97 (citation omitted).  The court then concluded "that [the] municipal court [had] the inherent authority to vacate a void judgment irrespective of statutory requirements for reopening judgments." *Id.* at 98.

[7] Singh appears to be asserting that after he pled guilty, he met with the Village's counsel and that meeting constituted a pretrial conference.  The Village's counsel disputes that description of what occurred.

[8] Singh states that the Village does not assert that he did not plead not guilty at the initial appearance.  However, as noted above, the appellant has the burden to prove that the court erred.  This court also notes that there is nothing in the record to support the Village's statements of what transpired at the initial appearance—it states that the counsel met with Singh and the matter was adjourned for an initial appearance.

8

> (b)     The defendant shall enter a plea or request a continuance.
>
> ….
>
> (e)     If the defendant pleads not guilty, the court shall schedule the case for a pretrial conference under s. 800.045, further proceedings, or a trial, at the discretion of the court.

Sec. 800.035(2)(b), (e).  As noted above, Singh asserts that he appeared, pled not guilty, had a pretrial with the Village counsel, and the matter was adjourned for "further proceedings," and in his brief to the municipal court, a "status conference."  However, he points to nothing in the record that shows that he pled not guilty or that a pretrial conference occurred on that date.  Neither his description of what happened, nor the Village's description of what happened is supported by anything in the record.  There is nothing in the record that reflects why or for what the cases were adjourned to June 7, 2017.  Thus, this court concludes that Singh has failed to show that the municipal court did not follow the statute.

¶18     Moreover, Singh concedes that if he entered a not guilty plea, the municipal court could "schedule the case for a pretrial conference under [Wis. Stat.] § 800.045, further proceedings, or trial, at the discretion of the court."  He concedes that he was given notice of the June 7, 2017 hearing date.  He further concedes that "[i]f a pretrial conference is scheduled and the defendant fails to appear, the court may enter a default judgment.  [Wis. Stat. § 800.045(2)]."  Thus, whether the case was adjourned for a pretrial or "further proceedings" or "status conference" is critical to Singh's argument.  However, as noted, the record does not show why or for what the case was adjourned.  If it was adjourned for a pretrial conference, then Singh concedes that because he did not appear on June 7,

2017, the municipal court properly granted default judgments, and therefore, the judgments are not void.

¶19    Additionally, based on the circuit court docket entries, it is reasonable for this court to assume that on appeal to the circuit court, that court considered the parties' arguments at the hearing on August 2, 2017.  In his briefs to the circuit court, Singh asserted that the default judgments were void.  As noted, the record contains a copy of the circuit court docket sheet that contains the following entry:  "Court placed on the record findings of fact and legal analysis."  Singh cannot meet his burden to show that the circuit court erred because the circuit court docket sheet does not include the circuit court's reasoning for affirming the municipal court's decision.   Simply put, Singh is unable to demonstrate that the circuit court erroneously exercised its discretion in affirming the municipal court's decision where the circuit court's reasons are not included in the record.

¶20    This court concludes that Singh has not shown that the default judgments granted by the municipal court were void and that the circuit court erred in affirming the municipal court's orders granting the default judgments.[9]

---

[9] This court does not address the Village's argument that "the circuit court held that Singh failed to timely perfect his appeal" to the circuit court because it fails to cite anything in the record to support its assertion that failure to timely perfect the appeal was a basis for the circuit court's decision.  Singh argues that the Village failed to raise this argument before the circuit court and raises it for the first time on appeal.  As noted, the circuit court docket sheet merely states that the court made findings of fact and legal analysis on the record.  What those findings of fact and legal analysis are is not contained in the record.

Additionally, this court rejects Singh's argument that, under *Jensen* the only thing that could occur at the initial appearance was that he enter a plea or request a continuance.  The facts in this case are distinguishable from the facts in *Jensen*, and this court concludes that *Jensen* does not apply.

10

¶21　This court next addresses Singh's contention that the default judgments should be vacated in the interest of justice under WIS. STAT. § 806.07(1)(h),[10] because "these serial prosecutions have entirely deprived Singh of the opportunity to effectively plea bargain and resolve all violations from the same incident in a single proceeding."[11]　He argues that his two criminal charges were dismissed in the circuit court and "that should have been the end."[12]　He then argues that because the Village issued two new municipal citations from this incident, there should be a preference to resolve all citations and charges stemming from a single incident.　He argues that, therefore, this court should vacate the default judgments in the interest of justice and reopen the citations.

¶22　Singh's appeal is from the circuit court's oral decision of August 2, 2022.[13]　In ***Sukala v. Heritage Mutual Insurance Co.***, 2005 WI 83, ¶8, 282 Wis. 2d 46, 698 N.W.2d 610 (citations omitted), our supreme court set forth this

---

[10] That statute provides in part that "[o]n motion … the court, subject to subs. (2) … may relieve a party … from a judgment, order or stipulation for the following reasons:  … (h) Any other reasons justifying relief from the operation of the judgment."  WIS. STAT. § 806.07(1)(h). Subsection (2) provides in relevant part, "[t]he motion shall be made within a reasonable time." Sec. 806.07(2).

[11] As noted above, the incident he refers to is his arrest on January 18, 2017, by a Village of Hales Corners police officer for OWI and PAC.  Because Singh had two prior OWI convictions at the time of his arrest, those two charges were sent to the Milwaukee County District Attorney's Office for criminal prosecution as a third offense OWI and a third offense PAC.  In addition to the criminal charges, the Village issued the two municipal citations to Singh alleging that he violated village ordinances—(1) failure to yield right of way from a stop sign, and (2) driver in possession of open intoxicants.

[12] Once again, there is nothing in the record regarding those two criminal charges.  The Village states in its brief that they were dismissed "on or about February 17, 2022."  The Village subsequently issued new citations charging Singh with first offense OWI and first offense PAC.

[13] As noted above, the circuit court docket sheet states that the "Court DENIED Petitioner's motion for reasons placed on the record."

11

court's standard of review of the circuit court's decision on a motion under WIS. STAT. § 806.07(1)(h):

> Whether to grant relief from judgment under WIS. STAT. § 806.07(1)(h) is a decision within the discretion of the circuit court. A circuit court's discretionary decision will not be reversed unless the court erroneously exercised its discretion. A discretionary decision contemplates a process of reasoning that depends on facts that are in the record, or reasonably derived by inference from facts of record, and a conclusion based on the application of the correct legal standard. "We will not reverse a discretionary determination by the trial court if the record shows that discretion was in fact exercised and we can perceive a reasonable basis for the court's decision."

¶23 As to this claim, Singh's appeal also does not get out of the gate because he claims that the circuit court erred in dismissing this case, but he fails to provide this court with a transcript of the proceedings before the circuit court. As noted, the circuit court docket sheet states that the court placed the court's findings of fact and legal analysis on the record and denied Singh's motion "for reasons on the record." Singh has failed to include the transcript of the hearing during which the circuit court apparently set forth its reasons.

¶24 As noted above, it is the appellant's responsibility to ensure completion of the appellate record and "when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the [circuit] court's ruling." *Gaethke*, 376 Wis. 2d 448, ¶36 (citation omitted). This court concludes, as in *Gaethke*, that here Singh cannot meet his burden because the circuit court docket sheet does not include the circuit court's reasoning for affirming the municipal court's decision. Simply put, Singh is unable to demonstrate that the circuit court erroneously exercised its discretion where the court's reasons for exercising its discretion are not included in the

record. It is impossible for this court to even begin an evaluation of the circuit court's findings of fact and reasons for its decision.

## CONCLUSION

¶25 For the reasons stated above, this court concludes that based on the record, Singh has not shown that the circuit court erred in denying his motion seeking to have the default judgments vacated as void and in seeking to have the default judgments vacated in the interest of justice under WIS. STAT. § 806.07(1)(h).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.