COUNTY OF WALWORTH, Plaintiff-Respondent,

v.

Paul L. ROHNER, Defendant-Appellant-Petitioner.

Supreme Court

*No. 81–240. Submitted on briefs September 9, 1982.—*
*Decided October 5, 1982.*

(Also reported in 324 N.W.2d 682.)

714

For the defendant-petitioner the cause was submitted on the brief (in court of appeals) by *Jerome Pogodzinski* and *Turner & Pogodzinski, S.C.,* Milwaukee.

For the plaintiff-respondent the cause was submitted on the brief (in court of appeals) by *Richard L. Voss,* assistant district attorney, Elkhorn.

Amicus curiae brief (in this court) was filed by *Bronson C. La Follette,* attorney general, and *Edward S. Marion,* assistant attorney general.

BEILFUSS, C. J.   This is a review of an unpublished decision of the court of appeals which affirmed the judgment of the circuit court for Walworth county, James L. Carlson, Judge, convicting the defendant-appellant of driving a motor vehicle while intoxicated (drunk driving).

On January 13, 1980, the defendant, Paul Rohner, was arrested by a Walworth county deputy sheriff after being involved in an automobile accident. The sheriff issued a citation charging the defendant with drunk driving in violation of a Walworth county ordinance adopting sec. 346.63(1), Stats. 1979–80.[1]  The defendant had been previously convicted of the same offense on April 23, 1979.

The case came to trial on January 22, 1981, and the defendant moved to dismiss the charge on the grounds that he was improperly charged with a first offense violation. The defendant asserted that the court lacked subject-matter jurisdiction because he should have been charged with a second offense under state law. The district attorney then moved the court to allow filing of a criminal complaint charging the defendant with a second offense. The court told the district attorney that it would assess costs against the state for failing to file the complaint before trial. The district attorney then withdrew the motion.

The trial court ruled that it had jurisdiction to proceed under the ordinance violation. The court, relying on *State v. Karpinski*, 92 Wis. 2d 599, 285 N.W.2d 729 (1979), reasoned that the district attorney had the prosecutorial discretion to charge under either the ordinance violation or the state statute. The defendant then pled

[1] Sec. 346.63(1), Stats., reads:

"346.63 **Operating under influence of intoxicant.** (1) No person may drive or operate a motor vehicle while under the influence of an intoxicant or a controlled substance."

guilty, reserving his right to appeal on jurisdictional grounds. The defendant was fined $284, including costs. The judgment of conviction was entered on January 28, 1981, and the finding of guilty and the three month revocation of operating privileges were stayed pending appeal. The court of appeals affirmed, also relying on *Karpinski* for the proposition that the prosecutor had discretion to commence the action under the county ordinance.

The principal issue raised is whether a second offense for drunk driving within a five-year period is exclusively within the province of the state for prosecution. On an examination of the state traffic regulations, we conclude that the state has exclusive jurisdiction over a second offense for drunk driving.

Sec. 346.63(1), Stats., prohibits driving while intoxicated. Sec. 346.65(2) establishes an escalating penalty scheme for violation of the drunk driving statute.[2] Under

---

[2] Sec. 346.65(2), Stats., provides:

"(2)(a) Any person violating s. 346.63(1):

"1. Shall forfeit not less than $100 nor more than $500, except as provided in subd. 2 or 3.

"2. Shall be fined not less than $250 nor more than $1,000 and imprisoned not less than 5 days nor more than 6 months if the total of revocations under s. 343.305 and convictions for violation of s. 346.63(1) or local ordinances in conformity therewith equals 2 within a 5-year period, except that revocations and convictions arising out of the same incident or occurrence shall be counted as one. The 5-year period shall be measured from the dates of the refusals or violations which resulted in the revocations or convictions.

"3. Shall be fined not less than $500 nor more than $2,000 and imprisoned for not less than 30 days nor more than one year in the county jail if the total of revocations under s. 343.305 and convictions for violation of s. 346.63(1) or local ordinances in conformity therewith equals 3 or more within a 5-year period, except that revocations and convictions arising out of the same incident or occurrence shall be counted as one. The 5-year period shall be measured from the dates of the refusals or violations which resulted in the revocations or convictions."

sec. 346.65(2)(a)1, a first offense is civil in nature and is punishable by forfeiture. But under sec. 346.65 (2)(a) 2 and 3, subsequent offenses within a five-year period are crimes punishable by fine and imprisonment.[3]

The language used in sec. 346.65(2)(a), Stats., demonstrates that the legislature intended that a second offense for drunk driving be exclusively within the province of the state. The section uses the mandatory word "shall" in providing the escalating penalties for drunk driving. The use of the word "shall" in the statute has been construed by this court as requiring that criminal penalties be imposed for a second offense. In *State v. Banks*, 105 Wis. 2d 32, 39, 313 N.W.2d 67 (1981), this court stated:

"Sec. 346.65, entitled 'Penalty for violating sections 346.62 to 346.64' requires that criminal penalties be imposed upon a second or subsequent conviction for OMVWI within a given five-year period. The language of the statute clearly demonstrates the legislature's intent that all the penalties for repeated offenses under sec. 346.65 (2)(a)1, Stats., be mandatory rather than discretionary in the use of the word shall."

The court also recognized the mandatory nature of sec. 346.65(2)(a) in *City of Lodi v. Hine,* 107 Wis. 2d 118, 122–23, 318 N.W.2d 383 (1982):

". . . under present law the second and third offense of OMVWI must be brought under sec. 346.63(1) and sec. 346.65(2)(a) which makes it a crime to be convicted of OMVWI two or three times within a five-year period. Therefore, though the first OMVWI offense may be civilly charged, subsequent offenses *must be charged as crimes* pursuant to sec. 346.65(2)(a)." (Emphasis added.)[4]

---

[3] The penalties provided in sec. 346.65(2)(a), Stats. 1979–80, are those applicable to this appeal. These penalties have been altered by the legislature in ch. 21, sec. 1598y, Laws of 1981. This change did not alter the language concerning the imposition of criminal penalties construed in this case.

[4] *See also,* 69 Op. Atty. Gen. (1980) 47, which we cited with approval in *Banks,* 105 Wis. 2d at 41–43.

If the legislature had intended that the imposition of criminal penalties be discretionary it would have used permissive rather than mandatory language.[5] Thus as construed by this court in prior decisions, the legislature's intent in drafting sec. 346.65(2)(a), Stats., was to *require* criminal proceedings and penalties for a second drunk driving offense within a five-year period. Because in Wisconsin only the state has the power to enact and prosecute crimes[6] and criminal penalties are required, the trial court was without jurisdiction to try the defendant under the Walworth county ordinance.

Further evidence that the legislature intended that criminal penalties are required for second offense drunk driving, thus giving the state exclusive jurisdiction, is found in the legislative history of the statute which authorizes local government to enact traffic regulations. While the state has preempted the field of traffic regulation by enactment of the Vehicle Code,[7] chapters 340 through 350, it has chosen to share that power with local authorities. Sec. 349.06(1), Stats.,[8] empowers local au-

---

[5] *Mollet v. Department of Transportation*, 67 Wis. 2d 574, 582, 227 N.W.2d 663 (1975).

[6] *State ex rel. Keefe v. Schmiege*, 251 Wis. 79, 28 N.W.2d 345 (1947). *See also*, sec. 939.12, Stats.

[7] *Janesville v. Walker*, 50 Wis. 2d 35, 36, 183 N.W.2d 158 (1971). This preemption is expressly found in sec. 349.03, Stats., which provides:

"349.03 **Regulations by local authorities forbidden; exceptions.** (1) Chapters 341 to 348 and 350 shall be uniform in operation throughout the state. No local authority may enact or enforce any traffic regulation unless such regulation:

"(a) Is not contrary to or inconsistent with chs. 341 to 348 and 350; or

"(b) Is expressly authorized by ss. 349.06 to 349.25 or some other provision of the statutes."

[8] Sec. 349.06(1), Stats., provides:

"349.06 **Authority to adopt traffic regulations in strict conformity with state law.** (1) Except for the suspension or revocation of

thorities to enact traffic regulations which are in strict conformity with the provisions of the Vehicle Code.

This statute as originally enacted in 1957, ch. 260, Laws of 1957, provided:

"Except for the suspension or revocation of motor vehicle operator's licenses, any local authority may enact and enforce any traffic regulation which is in strict conformity with chs. 341 to 348 *but the penalty for violation of any of its provisions shall be limited to a forfeiture.*" (Emphasis added.)

Under this version of the statute local governments were allowed to enact any traffic regulation as long as it was in strict conformity with the state statute and the penalty was a forfeiture. This created an inequity in the system of traffic enforcement because the nature of the penalty depended on the fortuitous circumstances of whether the person was arrested by state or local officials.[9]

But in 1971 the legislature deleted the phrase "but the penalty for violation . . . shall be limited to a forfeiture" and added the phrase "for which the penalty thereof is a forfeiture." Ch. 278, sec. 66, Laws of 1971. The attorney general contends that the legislature intended by this change in the language to remove from local governments the power to regulate conduct which is criminal under state law.

We believe this interpretation persuasive based on the purposes behind the 1971 revision of the Vehicle Code and the state's policy of strict enforcement of laws designed to curb drunken driving.

Prior to 1971 all violations of state traffic regulations were crimes, while violation of conforming local regula-

---

motor vehicle operator's licenses, any local authority may enact and enforce any traffic regulation which is in strict conformity with one or more provisions of chs. 341 to 348 and 350 for which the penalty for violation thereof is a forfeiture."

[9] *State v. Peterson*, 104 Wis. 2d 616, 621–22, 312 N.W.2d 784 (1981).

tion carried the civil penalty of a forfeiture.[10] The 1971 revision of the Code decriminalized many of the first offense traffic violations, including drunk driving, and provided a uniform statewide procedure governing prosecutions under both state statutes and conforming local regulations. The legislature sought to abolish the existing inequities in the system by providing for uniform enforcement of traffic regulations regardless of which authority was prosecuting the offense. As stated by this court in *State v. Peterson*, 104 Wis. 2d 616, 621–22, 312 N.W.2d 784 (1981) :

"Prior to 1971, whether the person arrested for a traffic violation was prosecuted for a criminal offense or was proceeded against in a civil action to recover a forfeiture depended on whether he was charged under the state law or under the local ordinance, which in turn depended, to a large extent, on the fortuitous circumstances of whether the person was arrested by a state traffic officer or by a local traffic enforcement officer. The 1971 amendments were designed to remedy this inequity by the creation of a uniform system of civil forfeiture and civil proceedings for most traffic violations whether the violation be of state traffic statutes or of local traffic ordinances. The legislative history of the 1971 amendments thus clearly demonstrates that the legislature intended to establish a system of 'basically civil' uniform traffic procedures supplemented by certain 'criminal protections' for the great majority of violations in the state motor vehicle code and for violations of local traffic ordinances."

The legislative goal of providing uniform traffic enforcement would be subverted if local governments were allowed to punish second offenders with first offense penalties. Thus, the revision in the language of sec. 349.-06, Stats., clearly demonstrates that the legislature in-

[10] Legislative Reference Bureau Analysis of 1971 Senate Bill 161 which was later enacted as ch. 278, Laws of 1971.

tended to remove from local jurisdiction traffic regulations that require criminal penalties.

This interpretation is in accord with the state's policy of strict enforcement of the drunk driving laws. In *State v. Neitzel,* 95 Wis. 2d 191, 193–94, 289 N.W.2d 828 (1980), we recognized that the clear policy of sec. 346.-63(1), Stats., is to facilitate the identification of drunken drivers and to remove them from the highways. In *State v. Banks,* 105 Wis. 2d at 49, we noted that the same objectives are the underlying premise of the criminal penalties contained in sec. 346.65(2)(a). The court in *Banks* went on to state:

"It is clear from the legislative history of sec. 346.65 (2)(a) that the legislature is trying to confine those persons who have the dangerous propensity to drive while drunk and, thus, prevent them from endangering the lives of themselves and others." *Id.* at 50.

As noted in both *Neitzel* and *Banks,* the drunk driving statutes must be construed to further these legislative purposes. Our interpretation of the drunk driving statutes which places exclusive jurisdictions over subsequent offenses of drunk driving in the state, furthers this state policy of strict enforcement of these laws.

Walworth County asserts, and the court of appeals held, that under this court's decision in *State v. Karpinski,* 92 Wis. 2d 599, 285 N.W.2d 729 (1979), the prosecutor had discretion to charge either the defendant with a second offense under state law or a first offense under the local ordinance. *Karpinski* dealt with a nondriving drug-related offense. However, we have held that the legislature intended a second offense for drunk driving to be within the exclusive province of the state to prosecute as a crime. Walworth County had no jurisdiction over the offense and the prosecutor had no discretion to charge under the county ordinance which can have no application to a subsequent drunk driving offense. Thus, the de-

cision in *Karpinski* has no application to the instant case.

In summary, we conclude, based on the mandatory language of sec. 346.65(2)(a), Stats., the legislative history of sec. 346.06, and the state policy regarding drunk drivers, that the state has the exclusive authority to prosecute second offenses for drunk driving. The trial court was therefore without jurisdiction to proceed under the county ordinance because such a local traffic regulation can have no application to a second or subsequent offense for drunk driving within five years.[11]

The only other issue raised in this case is whether the trial court erred in conditioning the filing of the criminal complaint on the district attorney's willingness to pay costs in connection with the dismissal of the county's action. Such action is error because it is unambiguously prohibited by statute. Sec. 345.53, Stats., provides: "In traffic regulation actions in all courts, costs may not be taxed against the plaintiff."

The petitioner, Rohner, has urged that the complaint be dismissed with prejudice. Because the complaint is to be dismissed for want of subject-matter jurisdiction, there could not have been a valid proceeding against Rohner. There has been no valid adjudication and no jeopardy attached. The state is at liberty to commence the criminal action.

*By the Court.*—The decision of the court of appeals is reversed and remanded to the trial court with directions to dismiss the ordinance complaint without prejudice.

[11] It should be noted that even the Walworth County ordinance under which the defendant was charged applied only to first offenses.