COUNTY OF WALWORTH, Plaintiff-Respondent,

v.

Bruce SPALDING, Defendant-Appellant-Petitioner.

Supreme Court

*No. 81–1632. Argued February 2, 1983.—Decided March 1, 1983.*

(Also reported in 329 N.W.2d 925.)

For the defendant-petitioner there was a brief by *Richard C. Kelly* and *Mealy & Kelly,* Whitewater, and oral argument by *Richard C. Kelly.*

For the plaintiff-respondent there was a brief and oral argument by *Richard L. Voss,* assistant district attorney, Elkhorn.

BEILFUSS, C. J.   This is a review of an unpublished decision of the court of appeals which affirmed the trial court's order denying the defendant's motion to reopen a default judgment entered against him pursuant to sec. 799.22(2), Stats. 1979–80, because he failed to appear at a scheduled trial.

The facts are undisputed. On July 15, 1980, the defendant, Bruce Spalding, was arrested and charged with operating a motor vehicle while under the influence of an intoxicant (drunk driving) in violation of a Walworth county ordinance adopting by reference sec. 346.63(1), Stats.[1] The defendant entered a plea of not guilty, requested a jury trial and paid the required fee. At the pretrial conference, held on March 16, 1981, the case was scheduled for a jury trial on August 4, 1981 at 9:30 a.m., before Judge James L. Carlson. The defendant was not present at this conference, but on March 18, 1981, was notified by his attorney by mail of the August 4, 1981 trial date.

On March 31, 1981, the defendant's attorney wrote the defendant informing him that the assistant district attorney was not willing to enter into a plea bargain. Several days later the defendant informed his attorney that

---

[1] Sec. 346.63(1), Stats., provides:

"346.63 **Operating under influence of intoxicant.** (1) No person may drive or operate a motor vehicle while under the influence of an intoxicant or a controlled substance."

he wished to go to trial. On July 29, 1981, the attorney wrote to the defendant scheduling an attorney-client conference at the attorney's office for August 3, 1981. When the defendant failed to appear at this conference his attorney tried unsuccessfully to contact the defendant. The defendant was on a business-vacation trip in Hawaii. He returned on August 5, 1981, with the mistaken belief that the trial was scheduled for August 14, 1981.

On August 4, 1981, the defendant failed to appear for the scheduled trial. His attorney attempted to withdraw as counsel but his request was denied. The trial court then struck the not guilty plea, entered a plea of no contest on behalf of the defendant to the offense of drunk driving, entered a default judgment of forfeiture, and ordered the defendant to pay $552.04.[2] In addition, the court revoked the defendant's driving privileges for six months and ordered that the defendant be committed to the county jail for 110 days if he failed to pay the forfeiture.

On August 11, 1981, seven days after the default judgment was entered, the defendant moved to reopen the judgment. The motion alleged that the defendant failed to appear because of excusable neglect in that he had been under the mistaken impression that the trial date was August 14, 1981, and that on August 4, 1981 he was on a business-vacation trip to Hawaii. The motion further alleged that the defendant had not made a deposit under sec. 345.26, Stats., or a stipulation of no contest under sec. 345.27, and therefore the court was without authority to enter the default judgment.

The trial court denied the motion, finding that it had authority to enter the no contest plea and default judgment. The court found that there was no specific procedure provided in secs. 345.21 to 345.53, Stats., governing

---

[2] This amount included the forfeiture for driving while intoxicated, costs, 12 percent interest and jury fees.

the procedure to be followed when the defendant who pleads not guilty fails to appear at trial. It therefore, pursuant to sec. 345.20(2)(a),[3] applied sec. 799.22(2) which allows the entry of a default judgment against a nonappearing defendant. The court refused to reopen the default judgment, finding that being in Hawaii and failing to remember the trial date did not constitute good cause and that the failure of the defendant to appear was not a mistake of fact.

The defendant appealed contending that the court was without the authority to enter a default judgment and that the trial court abused its discretion by denying the motion to reopen. The court of appeals affirmed the trial court's use of sec. 799.22(2), Stats., also concluding that there was no specific procedure in ch. 345 governing the situation. The court also held that the trial court did not abuse its discretion in refusing to reopen the default judgment. We granted the defendant's petition for review.

The issue on review is whether the trial court had the authority to enter a default judgment against a defendant who has pleaded not guilty to a violation of a traffic regulation, requested a continuance, and does not appear at the scheduled trial. Because sec. 345.36, Stats., unambiguously provides the procedure to be followed when a defendant fails to appear at trial following the entry of a not guilty plea, we hold that the trial court was without authority to enter a plea of no contest and a default judgment pursuant to sec. 799.22(2).

---

[3] Sec. 345.20(2)(a), Stats., provides:

"(2) PROCEDURE. (a) Except as provided in par. (b), the apprehension of alleged violators of traffic regulations and the trial of forfeiture actions for the violation of traffic regulations shall be governed by ss. 345.21 to 345.53. Where no specific procedure is provided in ss. 345.21 to 345.53, ch. 799 shall apply to such actions in circuit court."

The defendant was charged with the violation of a traffic regulation as defined in sec. 345.20(1)(a), Stats. Sec. 345.20(2)(a) provides that "the trial of forfeiture actions for the violation of traffic regulations shall be governed by ss. 345.21 to 345.53." It is only when these statutes fail to provide the "specific procedure" to be followed that the provisions of ch. 799 apply. If secs. 345.21 to 345.53 provide a specific procedure to be followed when a defendant pleads not guilty and fails to appear at trial, the trial court is precluded from referring to the provisions of ch. 799.

Both the trial court and the court of appeals found that there was no specific procedure in secs. 345.21 to 345.53, and thus applied sec. 799.22(2), Stats.[4] This resort to ch. 799 was error because sec. 345.36 does provide the specific procedure to be followed in the situation presented here.

Sec. 345.36, Stats., provides:

"345.36 **Not guilty plea; continuance.** If the defendant pleads not guilty and requests a continuance the court shall set a date for trial or advise the defendant that he will later be notified of the date set for trial. The defendant shall be released if he posts a bond for his appearance, or the court may release him on his own recognizance, or the court may release him without bail; if he is not also released he shall be committed to jail to await trial. *If a defendant fails to appear at the date set under this section, the court shall issue a warrant under ch. 968 and, if the alleged violator has posted bond for his appearance at that date, the court may order the bond forfeited.*" (Emphasis supplied.)

---

[4] The trial court indicated that secs. 345.21 to 345.53, Stats., did provide a specific procedure to be followed when the defendant has entered a not guilty plea *and* has made a deposit pursuant to sec. 345.26, citing to sec. 345.27(2). Because this case does not involve a situation where the defendant made a deposit in addition to entering a not guilty plea, we do not address the propriety of the entry of default judgment in that situation pursuant to sec. 345.27(2).

This statute, in clear and unambiguous language, provides that the court "shall" issue a warrant if the defendant fails to appear at the trial set by the court, following a plea of not guilty and a request for a continuance. In interpreting statutes, the use of the word "shall" is construed as mandatory unless a different construction is required by the statute in order to carry out the clear intent of the legislature. *Wauwatosa v. Milwaukee County*, 22 Wis. 2d 184, 191, 125 N.W.2d 386 (1963); *see also, County of Walworth v. Rohner*, 108 Wis. 2d 713, 717, 324 N.W.2d 682 (1982). Further, because the language of the statute is unambiguous, "resort to matters outside the statute, such as legislative history to interpret it, is not necessary nor permissible." *Milwaukee v. Lindner*, 98 Wis. 2d 624, 632–33, 297 N.W.2d 828 (1980). Rather, the court must give effect to the ordinary and accepted meaning of the language. *Id.* The plain meaning of the statute clearly requires the court to issue a warrant upon the defendant's failure to appear at trial, following the entry of a not guilty plea and a request for a continuance. The trial court's entry of the default judgment was contrary to this specific procedure contained in ch. 345 and therefore inappropriate.

Walworth County argues that sec. 345.36, Stats., does not apply because it deals with the failure to appear at the "continuance" requested by the defendant and not the failure to appear at "trial." This attempt to distinguish between "continuance" and "trial" as used in sec. 345.36 is unavailing. Sec. 345.36 specifically provides that when the defendant pleads not guilty and requests a "continuance" the court shall "set a date for *trial*" or advise the defendant that he or she will be notified of the "date set for *trial*." It is thus beyond dispute that the word "continuance" as used in sec. 345.36 is related to the word "trial."

This result is also manifest when this statute is read together with sec. 345.35, Stats., which states:

"**345.35 Not guilty plea; immediate trial.** (1) If the defendant pleads not guilty, the court shall ascertain whether he wishes an immediate trial or whether he wishes a continuance. The plaintiff shall also be entitled to a continuance if the defendant pleads not guilty.

" (2) If the defendant pleads not guilty and states that he waives the right to jury trial and that he wishes an immediate trial, the case may be tried forthwith if the plaintiff consents."

The section provides that following the entry of a not guilty plea the defendant may either request an immediate trial to the court (if the plaintiff consents) or ask the court for a continuance that the court must grant. Again it is readily apparent that the continuance contemplated in this section is the trial to be held at a later date. It is clear that the word "continuance" as used in these two statutes refers to the setting of the trial date as the next procedural step in traffic proceedings.

Therefore we hold that sec. 345.36, Stats., clearly and unambiguously requires the trial court to issue a warrant if the defendant fails to appear at trial following the entry of a not guilty plea and a request for a continuance. The trial court was without authority to enter a plea of no contest and a default judgment. We therefore remand the action to the circuit court for trial. We do not reach the other issues raised by the defendant on review, all of which relate to the propriety of the entry of the default judgment.

*By the Court.*—The decision of the court of appeals is reversed and remanded to the circuit court for further proceedings not inconsistent with this opinion.