*599 REBECCA G. BRADLEY, J.
¶ 1. This case is before the court on the City of Eau Claire's petition to bypass the court of appeals pursuant to Wis. Stat. § (Rule) 809.60 (2013-14).[1] We are asked to determine whether a circuit court lacks subject matter jurisdiction to enter a civil forfeiture under a municipal ordinance for a first-offense operating while intoxicated (OWI) that factually should have been criminally charged as a second-offense OWI due to an undiscovered prior countable conviction.[2] We conclude that a circuit court lacks competency but retains subject matter jurisdiction when it enters a civil forfeiture judgment for a first-offense OWI that should have been criminally charged as a second-offense OWI due to an undiscovered prior countable offense. Unlike defects in subject matter jurisdiction, challenges to circuit court competency may be forfeited. We conclude that Melissa M. Booth Britton forfeited her right to challenge her 1992 first-offense OWI judgment by failing to timely raise it; as a result, the circuit court erred when it granted her motion to reopen and vacate her 1992 first-offense OWI civil forfeiture judgment. Therefore, we reverse with directions to the circuit court to reinstate Booth Britton's 1992 first-offense OWI judgment.
*600 I. BACKGROUND
¶ 2. In 1990, Booth Britton was convicted in Minnesota of a first-offense OWI. In 1992, the Eau Claire County Circuit Court entered a civil forfeiture judgment against Booth Britton for another first-offense OWI. The Eau Claire City Attorney prosecuted Booth Britton in the 1992 OWI action. The record does not indicate the reason why the 1992 offense was charged as a first offense rather than a second offense. However, the parties appear to agree that the countable 1990 Minnesota conviction was unknown to the City Attorney's office when it prosecuted the 1992 OWI as a first offense.[3]
¶ 3. In 2014, Booth Britton filed a motion to reopen and vacate her 1992 Eau Claire County first-offense OWI civil forfeiture judgment because "it was [a] second OWI offense improperly charged as a first offense." At the time Booth Britton filed her motion to reopen and vacate the 1992 OWI, she had OWI (7th, 8th, or 9th) related charges pending against her in Douglas County. She argued that because the 1992 OWI should have been charged as a criminal second-offense OWI, the circuit court must void her 1992 judgment for lack of subject matter jurisdiction. The City responded that any " [a]lleged defects in the 1992 action may have implicated court competency, but did not implicate subject matter jurisdiction." The City argued Booth Britton forfeited any right to challenge the 1992 OWI civil forfeiture judgment by failing to object in the 1992 circuit court action.
*601 ¶ 4. The circuit court voided the 1992 conviction on subject matter jurisdiction grounds. It relied on County of Walworth v. Rohner, 108 Wis. 2d 713, 324 N.W.2d 682 (1982), concluding that " [s]ince a second offense OWI cannot be prosecuted as a civil action in Wisconsin, the Court Commissioner did not have the proper jurisdiction in the 1992 prosecution to render a civil judgment."
¶ 5. The City filed a notice of intent to appeal and both parties filed briefs with the court of appeals. The City then filed a petition to bypass the court of appeals under Wis. Stat. § (Rule) 809.60, which we granted.
II. STANDARD OF REVIEW
¶ 6. We independently review questions of subject matter jurisdiction and competency. See Vill. of Trempealeau v. Mikrut, 2004 WI 79, ¶ 7, 273 Wis. 2d 76, 681 N.W.2d 190. We also independently review whether a party forfeits the right to challenge circuit court competency. Id.
III. ANALYSIS
¶ 7. Article VII, Section 8 of the Wisconsin Constitution provides, in pertinent part: "Except as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal within this state . . . ." Subject matter jurisdiction, established by this section of our constitution, "refers to the power of a court to decide certain types of actions." See State v. Smith, 2005 WI 104, ¶ 18, 283 Wis. 2d 57, 699 N.W.2d 508. Because this power is *602 granted to circuit courts by our constitution, it cannot be "curtailed by state statute." Mikrut, 273 Wis. 2d 76, ¶ 8; see also Eberhardy v. Circuit Court for Wood Cty., 102 Wis. 2d 539, 550, 307 N.W.2d 881 (1981) (noting that the constitutional language "only allows for a legislative reallocation of jurisdiction from the circuit court to another court"). However, "a circuit court's ability to exercise the subject matter jurisdiction vested in it by the constitution may be affected by noncompliance with statutory requirements pertaining to the invocation of that jurisdiction in individual cases." Mikrut, 273 Wis. 2d 76, ¶ 9. Noncompliance with statutory mandates affects a court's competency and "a court's 'competency,' as the term is understood in Wisconsin, is not jurisdictional at all, but instead, is defined as 'the power of a court to exercise its subject matter jurisdiction' in a particular case." Smith, 283 Wis. 2d 57, ¶ 18 (quoting Kohler Co. v. Wixen, 204 Wis. 2d 327, 337, 555 N.W.2d 640 (1996)).
¶ 8. Here, the parties disagree as to whether the mischarged OWI affected the circuit court's subject matter jurisdiction or its competency. The City argues that Booth Britton's objections to her 1992 OWI conviction implicate court competency rather than subject matter jurisdiction. The City further asserts that Booth Britton forfeited her right to challenge the circuit court's competency when she failed to object to the OWI first offense in the 1992 circuit court action. The City primarily relies on our 2004 decision in Mikrut, 273 Wis. 2d 76, ¶ 1, which stated that "a circuit court is never without subject matter jurisdiction." Booth Britton, in contrast, points to Rohner, 108 Wis. 2d at 722, a 1982 decision, which she argues held that circuit courts do not have subject matter jurisdiction over subsequent criminal OWI offenses that were *603 improperly charged and tried as civil first offenses. Booth Britton asserts then that her 1992 OWI conviction is void under Wis. Stat. § 806.07(l)(d).[4] We reject Booth Britton's argument.
A
¶ 9. In Rohner, the defendant, Paul Rohner, was cited for a first-offense OWI in violation of a county ordinance despite the fact that he had a prior countable OWI conviction. Rohner, 108 Wis. 2d at 715. Rohner contemporaneously objected to the improper charge in the circuit court and argued that the improper charging resulted in a lack of subject matter jurisdiction because he should have been charged with a second-offense OWI under state law rather than a first-offense OWI under a municipal ordinance. Id. The circuit court disagreed, reasoning that it had "jurisdic *604 tion" because "the district attorney had the prosecu-torial discretion to charge under either the ordinance violation or the state statute." Id. We disagreed and reversed the circuit court.
¶ 10. In doing so, we reviewed the statutory language governing OWI penalties in Wisconsin, prior cases interpreting that language, legislative history, and the purpose of drunk driving laws generally to conclude "that the legislature intended a second offense for drunk driving to be within the exclusive province of the state to prosecute as a crime." Id. at 716-21. Therefore, under our OWI statutes, a prosecutor has no discretion to charge what is factually a second-offense OWI as a first-offense municipal ordinance OWI. Id. at 721. As a result, we held that " [b]ecause the complaint is to be dismissed for want of subject-matter jurisdiction, there could not have been a valid proceeding against Rohner." Id. at 722 (emphasis added).
¶ 11. Following Rohner, we decided Mikrut, which made great strides in clarifying the concepts of circuit court competency and subject matter jurisdiction. Mikrut, 273 Wis. 2d 76, ¶¶ 1-3, 8-14. In Mikrut, the circuit court imposed forfeitures on the defendant for multiple violations of village ordinances. Id., ¶ 4. After the defendant exhausted his direct appeal rights, he filed a motion to vacate the circuit court's order and judgment, claiming the Village's noncompliance with certain aspects of the ordinances deprived the circuit court of subject matter jurisdiction. Id., f 6. We disagreed and held that any defect caused by noncompliance with the applicable ordinances affected court competency but not subject matter jurisdiction. See id., ¶¶ 2-3. We also concluded that challenges to court *605 competency are forfeited[5] if not timely raised in the circuit court. Id., ¶¶ 30, 38. Mikrut, however, explained that even when a challenge to circuit court competency is forfeited:
[A] reviewing court has inherent authority to disregard a [forfeiture] and address a competency argument in appropriate cases. Also, Wis. Stat. §§ 751.06 and 752.35 may provide an avenue for discretionary review of an otherwise [forfeited] competency challenge in extraordinary cases. In addition, Wis. Stat. § 806.07(l)(h) may provide a vehicle for collateral relief from judgment on the basis of an otherwise [forfeited] competency argument — again, however, only in extraordinary cases.
Id., ¶ 38. We did not address Mikrut's competency argument; instead, we held he forfeited his challenge to court competency by failing to make a timely objection in the circuit court. Id., ¶ 31.
¶ 12. In setting forth the law in Wisconsin on subject matter jurisdiction and competency and differentiating between these two related concepts, Mikrut relied on Article VII, Section 8 of the Wisconsin Constitution. We explained:
Circuit courts in Wisconsin are constitutional courts with general original subject matter jurisdiction over *606 "all matters civil and criminal." Wis. Const, art. VII, § 8. Accordingly, a circuit court is never without subject matter jurisdiction.
A circuit court's ability to exercise its subject matter jurisdiction in individual cases, however, may be affected by noncompliance with statutory requirements pertaining to the invocation of that jurisdiction. The failure to comply with these statutory conditions does not negate subject matter jurisdiction but may under certain circumstances affect the circuit court's competency to proceed to judgment in the particular case before the court. A judgment rendered under these circumstances may be erroneous or invalid because of the circuit court's loss of competency but is not void for lack of subject matter jurisdiction.
Mikrut, 273 Wis. 2d 76, ¶¶ 1-2.
¶ 13. Thus, Rohner and Mikrut contain conflicting language. In the former[6] we determined that a circuit court lacked subject matter jurisdiction in an action where the prosecutor knowingly mischarged an OWI first offense that should have been criminally charged as a second-offense OWI due to a prior countable conviction. In the latter, we stated that a circuit court's noncompliance with statutory mandates may affect a circuit court's competency, but does not negate subject matter jurisdiction.[7]
*607 ¶ 14. We harmonize the conflicting language in Rohner and Mikrut and determine that mischarging an OWI affects competency, not subject matter jurisdiction. At the time we decided Rohner, our case law did not clearly distinguish between the concepts of subject matter jurisdiction and competency. See Xcel Energy Servs., Inc. v. LIRC, 2013 WI 64, ¶ 27 n.8, 349 Wis. 2d 234, 833 N.W.2d 665 (explaining that older case law does not clearly differentiate between the two concepts). Our decision in Mikrut further clarified Wisconsin's jurisprudence on the distinct, but related concepts of subject matter jurisdiction and competency. Although Rohner referred to a lack of subject matter jurisdiction due to noncompliance with state statutes, we clarified, in Mikrut, that noncompliance with statutory mandates affects only a court's competency and will never affect its subject matter jurisdiction.[8] As a result, the proper characterization of the circuit court's deficiency in Rohner was loss of circuit court competency to proceed to judgment rather than negation of *608 subject matter jurisdiction. Accordingly, we withdraw any language from Rohner and any other case that suggests otherwise.
¶ 15. Our decision to withdraw such language leaves intact Rohner's holding "that the state has exclusive jurisdiction over a second offense for drunk driving." See Rohner, 108 Wis. 2d at 716. Furthermore, nothing in our decision today alters Rohner's confirmation of our state's policy to strictly enforce drunk driving laws.[9] See id. at 721.
¶ 16. Finally, Booth Britton relies on State v. Bush, 2005 WI 103, ¶ 18, 283 Wis. 2d 90, 699 N.W.2d 80, to assert that the circuit court did not have subject matter jurisdiction in the 1992 OWI action because " [i]f a complaint fails to state an offense known at law, no matter civil or criminal is before the court, resulting in the court being without jurisdiction in the first instance." Booth Britton specifically argues that the circuit court was without subject matter jurisdiction because "a second offense criminal OWI charged as a first offense civil OWI is not an offense known at law." Put differently, " [w]here the offense charged does not exist, the trial court lacks [subject matter] jurisdiction." State v. Christensen, 110 Wis. 2d 538, 542, 329 N.W.2d 382 (1983). Booth Britton's argument fails because first-offense and second-offense OWIs are both offenses known at law as set forth in our statutes. See *609 Wis. Stat. §§ 346.63(1), 346.65(2)(am)l.-2. In addition, Booth Britton was charged with a first-offense OWI, an offense that irrefutably exists under our statutes. See Wis. Stat. §§ 346.63(1), 346.65(2)(am)l. The parties appear to agree that Booth Britton was mischarged in 1992 because the City Attorney's office failed to discover the prior first-offense Minnesota OWI and because she failed to disclose it. The fact she should have been charged with a second-offense OWI, which would have increased the penalty imposed when convicted in 1992, does not make her 1992 drunk-driving offense lawful conduct.
¶ 17. Booth Britton's argument fails for another reason as well: Bush's conclusion that a court lacks subject matter jurisdiction if a complaint fails to state an offense known at law is not entirely accurate. See Bush, 283 Wis. 2d 90, ¶ 18. Bush states: "If a complaint fails to state an offense known at law, no matter civil or criminal is before the court, resulting in the court being without jurisdiction in the first instance." Id., ¶ 18 (emphasis added). A court, however, cannot be without jurisdiction "in the first instance" because when " a complaint fails to state an offense known at law," id., the court must retain subject matter jurisdiction to dispose of the matter.
¶ 18. We also clarify Bush's brief discussion of the interplay between subject matter jurisdiction and facial challenges to the constitutionality of statutes. Id., ¶ 17. In Bush, where the constitutionality of a statute was challenged, the court asserted that " [i]f a statute is unconstitutional on its face, any action premised upon that statute fails to present any civil or criminal matter in the first instance" and "if the facial attack on the statute were correct, the statute would *610 be null and void, and the court would be without the power to act under the statute." Id. (emphasis added). In Bush, the court construed a facial challenge to the constitutionality of a statute as implicating a court's subject matter jurisdiction: "We conclude that because Bush has facially challenged the constitutionality of chapter 980, his challenge goes to the subject matter jurisdiction of the court." Id., ¶ 19. Bush ultimately concluded that chapter 980 is not facially unconstitutional. Id., ¶ 40. If, as Bush suggests, a facially unconstitutional statute negates a court's subject matter jurisdiction, the court would be constrained from ever ruling on the constitutionality of the statute. However, "no circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever." Mikrut, 273 Wis. 2d 76, ¶ 8 (quoting Mueller v. Brunn, 105 Wis. 2d 171, 176, 313 N.W.2d 790 (1982)).[10] Bush likely meant that if a statute is facially unconstitutional, the court lacks the power to enforce it *611 because such statute would be void. We withdraw any language from Bush purporting to impair the ability of a court to exercise its subject matter jurisdiction over challenges to the constitutionality of a statute.
¶ 19. Based on the Wisconsin Constitution's broad grant of subject matter jurisdiction to circuit courts as well as this court's clarification of the principles of subject matter jurisdiction and competency in Mikrut, we conclude that the circuit court had subject matter jurisdiction over the 1992 OWI first-offense action. Therefore, the 1992 civil forfeiture judgment is not void for lack of subject matter jurisdiction under Wis. Stat. § 806.07(1)(d).
B
¶ 20. Having determined that the circuit court had subject matter jurisdiction over the 1992 OWI, we next consider the circuit court's competency to exercise its subject matter jurisdiction. See Vill. of Elm Grove v. Brefka, 2013 WI 54, ¶ 16, 348 Wis. 2d 282, 832 N.W.2d 121 ("The circuit court's determination of competency refers to its 'ability to exercise the subject matter jurisdiction vested in it' by Article VII, Section 8 of the Wisconsin Constitution.") (quoting Mikrut, 273 Wis. 2d 76, ¶ 9).
f 21. As previously indicated, a circuit court may lose competency to enter judgment in a particular case if statutory requirements are not met. Mikrut, 273 Wis. 2d 76, ¶ 9. We have explained that "a failure to comply with a statutory mandate pertaining to the exercise of subject matter jurisdiction may result in a loss of the circuit court's competency to adjudicate the *612 particular case before the court." Id. Statutory noncompliance results in a lack of circuit court competency " [o]nly when the failure to abide by a statutory mandate is 'central to the statutory scheme' of which it is a part. . . ." Id., f 10 (citing State v. Bollig, 222 Wis. 2d 558, 567-68, 587 N.W.2d 908 (Ct. App. 1998) and Arreola v. State, 199 Wis. 2d 426, 441, 544 N.W.2d 611 (Ct. App. 1996)). Even when a court lacks competency to proceed to judgment, a challenge to court competency can be forfeited if not timely raised in the circuit court. Mikrut, 273 Wis. 2d 76, ¶ 38.
f 22. Here, the circuit court lacked competency to proceed to judgment in Booth Britton's 1992 OWI case because mischarging a second-offense OWI as a first-offense OWI results in a failure to abide by mandatory OWI penalties central to the escalating penalty scheme. Wisconsin Stat. § 346.63(l)(a) prohibits operation of a motor vehicle while "[u]nder the influence of an intoxicant. . . ." Violations of § 346.63(1) are penalized under an escalating penalty scale. Wis. Stat. § 346.65(2). A first-offense OWI conviction is civil in nature and punishable by forfeiture. See Wis. Stat. § 346.65(2)(am)l.[11] Under the current OWI penalty scheme, penalties for subsequent OWI convictions generally depend on the total lifetime number of convictions under Wis. Stat. §§ 940.09(1) and 940.25, plus countable "suspensions, revocations, and other convictions" under § 343.307(1). Wis. Stat. § 346.65(2)(am)2.-7. At the time of Booth Britton's 1992 OWI in Eau Claire County, the escalating penalty scheme was similar to the current penalty *613 scheme except that it counted "the total number of suspensions, revocations and convictions" under Wis. Stat. § 343.307(1) in a five-year period. Compare Wis. Stat. § 346.65(2)(b)-(e) (1991-92) with Wis. Stat. § 346.65(2)(am)2.-7.
¶ 23. The parties agree that Booth Britton's 1990 Minnesota conviction was a prior countable OWI offense under Wisconsin's OWI penalty scheme; therefore, her 1992 first-offense OWI in Eau Claire County was in fact a second-offense OWI, and therefore should have been charged as a criminal offense. The parties' analysis is correct. The legislature's use of "shall" in Wisconsin's OWI escalating penalty scheme, Wis. Stat. § 346.65(2), is mandatory and, as a result, criminal penalties are required of all OWI convictions following an OWI first-offense conviction. See, e.g., Rohner, 108 Wis. 2d at 717-18; State v. Banks, 105 Wis. 2d 32, 39, 313 N.W.2d 67 (1981). Furthermore, Wis. Stat. § 343.307(l)(d) requires a court to count" [c]onvictions under the law of another jurisdiction that prohibits a person from . . . using a motor vehicle while intoxicated ... as those or substantially similar terms are used in that jurisdiction's laws." A Minnesota OWI is a countable conviction under Wisconsin's OWI penalty scheme. State v. White, 177 Wis. 2d 121, 125, 501 N.W.2d 463 (Ct. App. 1993). ("Minnesota OWI convictions count as prior convictions under sec. 346.65(2), Stats., because the Minnesota OWI statute meets the prerequisites of sec. 343.307.").
¶ 24. The central concept underlying the mandatory OWI escalating penalty scheme set forth in Wis. Stat. § 346.65(2)(am) is exposure to progressively more severe penalties for each subsequent OWI conviction as the number of countable convictions increases. See *614 State v. Williams, 2014 WI 64, ¶ 30, 355 Wis. 2d 581, 852 N.W.2d 467. That Wis. Stat. § 346.65(2)(am)2.-7. set forth escalating penalties for OWI-related convictions is apparent from a plain reading of these statutes. Compare, e.g., Wis. Stat. § 346.65(2)(am)3. (governing a third-offense OWI conviction and imposing a minimum of 45 days of imprisonment in the county jail), with Wis. Stat. § 346.65(2)(am)4. (governing fourth-offense OWI convictions, generally, and imposing a minimum of 60 days of imprisonment); see also Williams, 355 Wis. 2d 581, ¶ 32 ("Even a cursory glance at the structure of Wis. Stat. § 346.65(2)(am) reveals a pattern: the mandatory minimum sentences generally increase with the number of OWIs."). In addition, " [t]he statutory history of Wis. Stat. § 346.65(2) reveals a general trend toward harsher mandatory minimum sentences as the number of OWIs increases." Williams, 355 Wis. 2d 581, ¶ 30. As we explained in Williams, "the current statute makes eight different OWI-offense distinctions and provides increasing penalties depending on the number of OWIs the offender has committed and, in some instances, on the temporal proximity of an offense to the offender's previous OWI." Id. This escalating penalty scheme is frustrated if an OWI is mischarged as a civil first offense rather than a criminal second offense due to an undiscovered prior countable offense. Accordingly, failure to abide by the mandatory penalty scheme in Booth Britton's 1992 OWI case resulted in a loss of circuit court competency.
¶ 25. The lack of circuit court competency in this case does not end the matter, however. Booth Britton did not timely object to the circuit court's competency in the 1992 circuit court action. In fact, she did not challenge her mischarged 1992 OWI until *615 2014. Booth Britton's considerable delay in raising the issue suggests an attempt to play fast and loose with the court system, which is something this court frowns upon. See State v. Petty, 201 Wis. 2d 337, 346-47, 548 N.W.2d 817 (1996). We conclude that Booth Britton forfeited her ability to challenge the 1992 OWI first-offense civil forfeiture judgment. We decline to exercise our inherent authority to reach a challenge that Booth Britton forfeited and then waited 22 years to raise.
IV. CONCLUSION
¶ 26. We conclude that the circuit court, while retaining subject matter jurisdiction over the matter, lacked competency to enter a civil judgment of conviction for a first-offense OWI that factually should have been charged criminally as a second-offense OWI due to a prior countable OWI conviction. Here, Booth Britton forfeited her challenge to the circuit court's competency when she failed to raise any objection to the first-offense OWI charge in the original 1992 action.
By the Court. — The order of the circuit court is reversed, and the cause is remanded.

 All subsequent references to the Wisconsin Statutes are to the 2013-14 version unless otherwise indicated. Although this case involves a 1992 violation, no changes to the applicable statutes are dispositive of the issue we address.

 The petition to bypass states an additional issue: "Is a municipality legally precluded from pursuing a civil OWI citation if the defendant could also be charged criminally?" The briefs and oral argument, however, did not sufficiently address this issue. As a result, we do not consider it.

 The only remaining record related to the 1992 OWI is the citation Booth Britton received from a City of Eau Claire police officer. This citation indicates that Booth Britton violated City of Eau Claire Ordinance 10.04, which adopted Wis. Stat. § 346.63(l)(a).

 Wisconsin Stat. § 806.07 is titled: "Relief from judgment or order." This section "attempts to achieve a balance between fairness in the resolution of disputes and the policy favoring the finality of judgments." Edland v. Wis. Physicians Serv. Ins. Corp., 210 Wis. 2d 638, 644, 563 N.W.2d 519 (1997). Section (l)(d) allows for relief "from a judgment, order or stipulation" " on motion and upon such terms as áre just" if" [t]he judgment is void." Wis. Stat. § 806.07(l)(d).
In her supplemental brief to this court, Booth Britton appears to raise an alternative argument for relief based on Wis. Stat. § 806.07(l)(h), which allows for consideration of " [a]ny other reasons justifying relief from the operation of the judgment." This subsection is to be used sparingly in extraordinary cases and any motion for relief based on § 806.07(l)(h) must be brought within a reasonable time period. Vill. of Trempealeau v. Mikrut, 2004 WI 79, ¶¶ 35-36, 273 Wis. 2d 76, 681 N.W.2d 190. We do not address whether Booth Britton meets the legal standards to obtain relief under § 806.07(l)(h) because she failed to request relief under this subsection in her motion to vacate her 1992 conviction. See id., ¶ 37.

 Although Mikrut used the term "waiver" instead of "forfeiture," we have since clarified that "[a]lthough cases sometimes use the words 'forfeiture' and 'waiver' interchangeably, the two words embody very different legal concepts. 'Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.'" State v. Ndina, 2009 WI 21, ¶ 29, 315 Wis. 2d 653, 761 N.W.2d 612 (quoting United States v. Olano, 507 U.S, 725, 733 (1993)). Properly construed, although Mikrut says "waiver" it means "forfeiture."

 There are two notable factual differences between Rohner and this case. First, Rohner did not appear to involve an unknown out-of-state prior OWI conviction. Cty. of Walworth v. Rohner, 108 Wis. 2d 713, 715, 324 N.W.2d 682 (1982). Second, the defendant in Rohner filed a motion to dismiss the improperly charged first-offense OWI in a timely manner by raising it in the original circuit court action instead of waiting 22 years and many OWI convictions later. See id.

 As a result of the conflicting language in Mikrut and Rohner, the court of appeals has reached different results in a *607 series of recent unpublished opinions involving mischarged first-offense OWIs. Compare, e.g., State v. Navrestad, No. 2014AP2273, unpublished slip op. (Wis. Ct. App. July 2, 2015) (following Mikrut and determining that the circuit court lacked competency) with City of Stevens Point v. Lowery, No. 2014AP742, unpublished slip op. (Wis. Ct. App. Feb. 5, 2015) (following Rohner and determining that the circuit court lacked subject matter jurisdiction) and Clark Cty. v. Potts, No. 2012AP2001, unpublished slip op. (Wis. Ct. App. March 28, 2013) (same).

 The fact that Mikrut did not cite to Rohner in clarifying the concepts of subject matter jurisdiction and court competency does not impact our decision. See Mikrut, 273 Wis. 2d 76, ¶ 42 (Abrahamson, C. J., concurring) (recognizing that Mikrut "castO great doubt" on many prior opinions not specifically discussed by the opinion).

 Although under our decision today Booth Britton's 1992 undercharged OWI first-offense conviction stands, we note that affirming the circuit court's decision to vacate the 1992 conviction with prejudice would do nothing to further our state's policy of strictly enforcing OWI laws. Instead, affirming the circuit court's dismissal with prejudice would erase the 1992 conviction, prevent it from being counted in subsequent OWI prosecutions, and forever prohibit the State from correctly charging Booth Britton for the 1992 OWI offense.

 We recognize that the broad constitutional grant of subject matter jurisdiction to the circuit court is subject to the phrase" [ejxcept as otherwise provided by law." See Wis. Const. art. VII, § 8. This phrase, however,
only allows for a legislative reallocation of jurisdiction from the circuit court to another court. It does not permit the legislature to divest the constitutional grant of jurisdiction from the unified court system; and under the unified system created by the amendment of 1977, original jurisdiction is vested wholly in the circuit court.
Eberhardy v. Circuit Court for Wood Cty., 102 Wis. 2d 539, 550, 307 N.W.2d 881 (1981). Put differently, this limiting phrase forecloses the legislature from enacting a statute that would circumscribe the broad constitutional grant of subject matter jurisdiction to circuit courts. See Xcel Energy Servs., Inc. v. LIRC, 2013 WI 64, ¶ 27, 349 Wis. 2d 234, 833 N.W.2d 665; Mikrut, 273 Wis. 2d 76, ¶ 8; Eberhardy, 102 Wis. 2d at 549-50.

 The same was true of first-offense OWIs when Booth Britton was cited for her 1992 OWI in Eau Claire County. See Wis. Stat. § 346.65(2)(a) (1991-92).