COURT OF APPEALS
DECISION
DATED AND FILED

February 24, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2020AP473**

**STATE OF WISCONSIN**

Cir. Ct. No.  1996TR120

**IN COURT OF APPEALS
DISTRICT II**

COUNTY OF GREEN LAKE,

   PLAINTIFF-RESPONDENT,

V.

LORI MELCHERT F/K/A LORI A. ZUPKE,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Green Lake County: MARK T. SLATE, Judge.  *Affirmed*.

¶1    NEUBAUER, C.J.[1]   Lori Melchert appeals from an order denying her motion for reconsideration of a denial of her motion to reopen and dismiss the second of her two operating a motor vehicle while intoxicated (OWI) first-offense

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

convictions, based on lack of court competency to enter the judgment of conviction and denial of her right to remain silent. Her motion was made while she faced a third-offense OWI in another county. We agree with Green Lake County (the County) that Melchert forfeited any right to challenge the court's competency. We also agree that her Fifth Amendment right to remain silent was not invoked here, and, as such, was not violated. We affirm.

## BACKGROUND

¶2 The facts in this case are undisputed. In November 1995, Melchert was cited for a first-offense OWI in Marquette County, Wisconsin. The Marquette County Circuit Court convicted Melchert of this charge on March 1, 1996.

¶3 Melchert was cited for another OWI in January 1996, this time in Green Lake County, Wisconsin. The deputy sheriff issued Melchert a citation for a first-offense OWI (civil forfeiture), presumably because on that date her record remained clear of any other OWI conviction, given that she was not convicted in Marquette County until March of that year. Melchert pled no contest and was convicted of the civil forfeiture OWI offense in the Green Lake County Circuit Court on March 11, 1996.

¶4 In January 2020, with another OWI charge pending in a different Wisconsin county, Melchert filed a motion to reopen and dismiss the 1996 Green Lake County conviction. Her motion challenged the competence of the circuit court

to enter a civil forfeiture judgment for the second first-offense conviction against her, because it should have been charged as a criminal second-offense OWI.[2]

¶5 Following a hearing on the matter, the circuit court denied Melchert's motion. The court relied upon our supreme court's decision in *City of Eau Claire v. Booth*, 2016 WI 65, 370 Wis. 2d 595, 882 N.W.2d 738 and held that Melchert had forfeited her right to challenge the court's competence based on the passage of twenty-four years since she pled to the charge.

¶6 Melchert filed a motion for reconsideration with the circuit court. Melchert asked the court to address her previously raised argument that her 1996 Green Lake County conviction should be vacated because she had a Fifth Amendment right to remain silent as to her Marquette County conviction when she appeared on the second first-offense OWI. As such, she argued, her silence as to that conviction could not support the court's holding that she forfeited her right to challenge competence. The court denied her motion, again relying on *Booth* and a more recently decided supreme court case, *City of Cedarburg v. Hansen*, 2020 WI 11, 390 Wis. 2d 109, 938 N.W.2d 463. Melchert appeals.

## DISCUSSION

*Standard of Review*

¶7 "We independently review questions of subject matter jurisdiction and competency." *Booth*, 370 Wis. 2d 595, ¶6 (citing *Village of Trempealeau v.*

---

[2] In Wisconsin, a first-offense OWI is a civil forfeiture, and second and subsequent offenses are generally crimes, with each countable offense subject to the statutory escalating penalty requirements. WIS. STAT. § 346.65(2)(am). With her motion to reopen and dismiss the second first-offense OWI, Melchert sought to reduce the third OWI to second.

*Mikrut*, 2004 WI 79, ¶7, 273 Wis. 2d 76, 681 N.W.2d 190). "We also independently review whether a party forfeits the right to challenge circuit court competency." *Id.*

*Circuit Court Competency and Forfeiture of the Right to Challenge Competency*

¶8    Melchert argues that she did not forfeit her ability to challenge the circuit court's competency in her 1996 Green Lake County OWI case because her present challenge is distinguishable from *Booth*.[3]  As one of the distinguishable factors, she cites her own argument that her right to remain silent *would have been violated* had anyone asked her when she pled to the charge if she had any previous OWI convictions.  We turn first to *Booth*, *Hansen*, and their applicability here before addressing Melchert's integrated hypothetical argument asserting her rights to remain silent and against self-incrimination.

¶9    In *Booth*, our supreme court held that a defendant's significant delay in raising a competency challenge to a mischarged OWI conviction may result in forfeiture of that argument.  *Booth*, 370 Wis. 2d 595, ¶25.  In that case, the defendant moved to vacate a first-offense OWI because she should have been charged with a second-offense OWI.  *Id.*, ¶2.  She filed the motion to vacate twenty-two years after her conviction, with seventh-, eighth-, and ninth-offense OWI charges pending against her.  *Id.*, ¶3.  Our supreme court held that Booth forfeited her right to challenge the mischarged OWI conviction by failing to timely raise that argument.  *Id.*, ¶1.  The court first determined that a mischarged first-offense OWI, given the

---

[3]  We note that in her principal brief, Melchert makes no attempt to distinguish her situation from that addressed by our supreme court in *City of Cedarburg v. Hansen*, 2020 WI 11, 390 Wis. 2d 109, 938 N.W.2d 463.  Only after the County points this fact out in its response brief does she make any attempt to distinguish *Hansen*, and she does so merely by lumping it in with the discussion in her reply brief of *City of Eau Claire v. Booth*, 2016 WI 65, 370 Wis. 2d 595, 882 N.W.2d 738.  Although there are differences between *Booth* and *Hansen*, the distinctions do not matter to our resolution of this appeal and, consequently, we overlook Melchert's apparent concession that *Hansen* is indistinguishable for all practical purposes.

escalating penalty scheme, affected the circuit court's competency, but not its subject matter jurisdiction. *Id.*, ¶22. The court then observed that challenges to a court's competency are forfeited if not timely raised, *id.*, ¶11 (citing *Mikrut*, 273 Wis. 2d 76, ¶38), and concluded that Booth's challenge was untimely, *id.*, ¶25. It found that her "considerable delay in raising the issue suggests an attempt to play fast and loose with the court system, which is something this court frowns upon." *Id.*, ¶25.

¶10    *Hansen* followed the logic of *Booth* and reached the same result—a rejection of the defendant's collateral attack on one of his earlier OWIs. In *Hansen*, the defendant was convicted in a Wisconsin municipal court of an OWI in 2005. *Hansen*, 390 Wis. 2d 109, ¶2. When he was charged with OWI again in 2016, he attempted to collaterally attack his 2005 OWI conviction by proving that he had a 2003 OWI conviction in Florida. *Id.* Hansen argued that in light of the Florida conviction, his 2005 OWI was technically a second offense, which thereby resulted in the municipal court lacking subject matter jurisdiction. *Id.* Our supreme court disagreed, concluding that "only the municipal court's competence was affected by the pleading." *Id.*, ¶51. As in *Booth*, however, our supreme court held that Hansen's objection to the court's competence was forfeited "by his 11 years of silence." *Id.*, ¶55. Consequently, both Hansen's "2005 and 2003 convictions were countable offenses in 2016 for purposes of Wisconsin's statutory progressive penalty requirements." *Id.*

¶11    Applying *Booth* and *Hansen*, we conclude that Melchert forfeited her ability to challenge the circuit court's competency in entering a second first-offense OWI conviction against her. As a threshold matter, we agree with Melchert that the court lacked competency to convict her twice of a first-offense OWI. The holdings of *Booth* and *Hansen* are unequivocal in that regard, and the County does not

dispute as much. However, we agree with the circuit court that the similarities between this case and ***Booth*** and ***Hansen*** warrant the same outcome.

¶12     Like Booth and Hansen, Melchert was charged incorrectly[4] with a second first-offense OWI. Further, Melchert similarly waited until a new OWI charge was pending against her before electing to challenge the court's competency for the prior OWI. Finally, Melchert's twenty-four-year delay in objecting to the court's competency is a similarly "considerable delay in raising the issue" as Booth's twenty-two-year delay and Hansen's eleven-year delay. *See **Booth***, 370 Wis. 2d 595, ¶25; *see also **Hansen***, 390 Wis. 2d 109, ¶55. On these facts, Melchert forfeited her objection to the court's lack of competency to enter a second first-offense OWI conviction because she filed her objection too late. Therefore, we conclude the circuit court properly denied Melchert's motion to vacate.

*Melchert's Attempts to Distinguish Controlling Case Law and Innocent-Victim Argument*

¶13     Melchert attempts to convince us that unlike the defendant in ***Booth***, who "play[ed] fast and loose with the court system" by hiding the ball for many years, *see **Booth***, 370 Wis. 2d 595, ¶25, Melchert is an innocent victim of the system and "[s]he did exactly what she was supposed to do" in pleading in 1996 to a second OWI as though it were a first offense. She argues that the County should have been aware of her other conviction (just ten days before she pled to the Green Lake County charge) because Melchert's first offense was from a neighboring county, whereas the first offense in ***Booth*** was from a neighboring state. According to Melchert, the County should not be able to benefit from sitting on this information

---

[4] We observe that, technically, Melchert was charged correctly in the 1996 Green Lake County case, because she had not yet been convicted in the Marquette County case when she committed the OWI offense in Green Lake County. The actual problem was in not amending the charge after her Marquette County conviction.

about her OWIs "for over two (2) decades." Therefore, she argues that "the County should be estopped from alleging that [Melchert] should have brought this issue to the attention of the court before being charged" in the most recent case and, as such, we should vacate her Green Lake County conviction.

¶14 We are unpersuaded by Melchert's innocent-victim argument. There is no record support for her assertion that the Green Lake County prosecutor was aware of her prior OWI conviction when Melchert entered her plea to the challenged conviction. Instead, although Melchert was surely aware of her other conviction only ten days earlier, she took advantage of the lack of knowledge by Green Lake County and avoided criminal charges at that time by pleading to a civil forfeiture. Clearly, Melchert benefitted from her silence. Moreover, Melchert fails to provide any legal support for this line of argument. Without fully developing her argument, Melchert requests us to essentially ignore the factual similarities and holdings of *Booth* and *Hansen*, which we decline to do.

¶15 We also reject Melchert's attempt to distinguish *Booth* by arguing that its reasoning is inapplicable because "Melchert was facing criminal penalties if she informed the court of her prior OWI." As we established above, the pertinent facts in *Booth*, *Hansen*, and this case are nearly identical. Both Booth and Hansen already had OWI first-offense convictions when they were charged with a second first-offense OWI. As such, like Melchert, both Booth and Hansen would have faced criminal penalties for a second OWI offense had they informed the court of their prior first-offense OWIs in a timely manner. This fact did not deter from our

supreme court's finding of forfeiture when deciding those cases, and Melchert fails to convince us that it should here.[5]

*Melchert's Fifth Amendment Argument*

¶16    Melchert also fails to convince us that we should give serious consideration to her hypothetical Fifth Amendment argument.  To briefly explain, Melchert offers an argument about her hypothetical invocation of her Fifth Amendment rights to remain silent and to freedom from self-incrimination.  *See* U.S. Const. amend. V; *see also* WIS. Const. art. I, § 8.  She argues that *had she been asked* in the 1996 Green Lake County plea hearing if she had a prior conviction, which she was not, then she *may have* invoked the Fifth Amendment and refused to answer, but she did not.  Thus, she argues, without citing any on-point legal authority, this hypothetical invocation of the Fifth Amendment cannot now be used to conclude that she forfeited her right to challenge the court's competency to act in the second first-offense OWI case.  We are unpersuaded by Melchert's hypothetical argument and "we decline to base our ruling on a hypothetical series of events."  *See Marlowe v. IDS Prop. Cas. Ins. Co.*, 2013 WI 29, ¶40, 346 Wis. 2d 450, 828 N.W.2d 812; *see also State v. Smith*, 2012 WI 91, ¶62 n.19, 342 Wis. 2d 710, 817 N.W.2d 410 (observing that "the court resolves the facts before it, and does not issue advisory opinions or address hypothetical facts") (citation omitted); *Saint Croix Cty. v. Severson*, No. 2017AP1111, unpublished slip op. ¶16 (WI App Nov. 13, 2018) (rejecting defendant's collateral attack on an improperly charged OWI and

---

[5] We also reject Melchert's argument that the reasoning of *Booth* does not apply here because the case on which the *Booth* court relied to support its holding, *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶7, 273 Wis.2d 76, 681 N.W.2d 190, involved a challenge to a number of ordinance violations which would not have subjected the defendant to criminal penalties.  As we explain above, *Booth* itself *is* factually on all fours with Melchert's situation, thereby making it irrelevant to our analysis that *Mikrut* may be factually distinguishable.

explaining that defendant's constitutional right to counsel, which was unavailable for a first-offense OWI charge, is "determined by what was actually charged, not by what should have been charged").

## CONCLUSION

¶17 For the foregoing reasons, we conclude that Melchert forfeited her objections to the circuit court's lack of competency to proceed to judgment on the 1996 Green Lake County conviction and the County's lack of authority to prosecute that action. We further reject her hypothetical Fifth Amendment argument. We therefore conclude the circuit court properly denied Melchert's motion to vacate the Green Lake County conviction.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

9